Patricia S. ELFELDT, Appellant,

v.

Klaus ELFELDT, Appellee.

No. 01–86–0405–CV.

Court of Appeals of Texas,
Houston (1st Dist.).

Dec. 30, 1986.

Rehearing Denied Feb. 5, 1987.
Judgment Reversed May 6, 1987.

Tom Alexander, Alexander, Fogel & McEvily, Houston, for appellant.

Shawn Casey, Houston, for appellee.

Before EVANS, C.J., and WARREN and JACK SMITH, JJ.

OPINION

EVANS, Chief Justice.

The sole issue in this case is whether the child support provisions in an agreed order are enforceable as a common law contract. The trial court concluded, as a matter of law, that the provisions are not enforceable and rendered a summary judgment in favor of the child's father. We hold that the provisions are enforceable as a contract, and therefore, we reverse the summary judgment and remand the cause for further proceedings.

The parties were divorced in September 1970, and in November 1975, the trial court entered an agreed modification order, approved by both parties and their counsel, increasing the amount of child support payments based on changed circumstances. Under the terms of the agreed order, the father was to pay $425 per month for the

support of the two children until the younger child reached the age of 18, and if either or both children attended college, he was to continue the support payments until either or both children completed four years of college. The agreed order further provided that the father's obligations would not cease upon his death but would be the obligation of his estate.

The father made the specified payments until the younger child reached 18 in June 1985, but then he stopped making payments even though both children were attending college. In October 1985, the mother brought this contract action to enforce the terms of the agreed order.

It is undisputed that both parties agreed to the terms set forth in the agreed order. In his motion for summary judgment, and in this appeal, the father contends only that the child support obligations in the agreed order are not enforceable as a common law contract. In support of this position, he refers to the provisions of Tex.Fam.Code Ann. sec. 14.06 (Vernon 1974), which provide:

(a) To promote the amicable settlement of disputes between the parties to a suit under this chapter, the parties may enter into a written agreement containing provisions of conservatorship and support of the child.

(b) If the court finds the agreement is not in the child's best interest the court may request the parties to submit a revised agreement or the court may make orders for the conservatorship and support of the child.

(c) If the court finds that the agreement is in the child's best interest, its terms shall be set forth in the decree and the parties shall be ordered to perform them.

(d) Terms of the agreement set forth in the decree may be enforced by all remedies available for enforcement of a judgment, including contempt, *but are not enforceable as contract terms unless the agreement so provides*. (Emphasis added.)

■ Aside from the provisions of the statute, the agreed judgment constitutes a contractual agreement between the parties, enforceable as any other voluntary contract. *Wagner v. Warnasch*, 156 Tex. 334, 338–40, 295 S.W.2d 890, 893 (1956); *Milner v. Schaefer*, 211 S.W.2d 600, 606 (Tex.Civ. App.—San Antonio 1948, writ ref'd). The consent judgment becomes a contract between the parties, as well as an adjudication of the court. *Boyd v. Boyd*, 545 S.W.2d 520 (Tex.Civ.App.—Houston [1st Dist.] 1976, no writ). We reject the argument that the parties did not become contractually bound merely because they did not enter into a separate written agreement. Indeed, their approval of the consent decree, which fully adjudicated their rights in the subject matter, resulted in an enforceable contract between them. *Frazier v. Hanlon Gasoline Co.*, 29 S.W.2d 461, 470 (Tex.Civ.App.—Eastland 1930, writ ref'd). Although their agreement was embodied in the court's decree, it has the same force and effect as any voluntary contract. Tex.R.Civ.P. 11; *see also Kennedy v. Hyde*, 682 S.W.2d 525 (Tex.1984).

■ The only issue presented in this case is whether the parties' intent to enter into an enforceable contract may be gleaned from the terms of the agreed judgment. Although the agreed order does not expressly declare that its terms may be enforced as a contract, it does provide that the father's obligations do not cease upon his death and continue as the obligation of his estate.

In *Adwan v. Adwan*, 538 S.W.2d 192, 195 (Tex.Civ.App.—Dallas 1976, no writ), similar language in a settlement agreement, which was incorporated in the judgment, was held to evidence the parties' clear intent that the provisions would be enforceable as a contract. There, the agreement provided that the parties' covenants and agreements would survive the judgment and would be binding not only on the parties, but upon their heirs and legal representatives until fully discharged. *See also Carson v. Korus*, 575 S.W.2d 326, 328 (Tex.Civ.App.—San Antonio 1978, no writ). The circumstances in the instant case are similar to those set forth in *Adwan*, and are distinguishable from the situation described in *Dorshaw v. Dorshaw*, 635

S.W.2d 783, 786 (Tex.App.—Corpus Christi 1982, no writ) (Nye, C.J. concurring), where there was no language indicating an intent to be contractually bound.

We find the reasoning in *Adwan* to be persuasive here. The language in the agreed judgment in this case also reflects the parties' intent to enter into a contractual agreement, which is enforceable not only against the father during his lifetime, but also against his estate after his death. We therefore, conclude that the mother is entitled to pursue her common law action for enforcement of the agreement and hold that the trial court erred in granting the take-nothing summary judgment.

The judgment of the trial court is reversed, and the cause is remanded to the trial court for further proceedings.

JACK SMITH, J., dissents.

JACK SMITH, Justice, dissenting.

I respectfully dissent. The majority opinion reaches a desirable result but I am of the opinion that in their efforts to reach that result, they have placed a strained construction upon section 14.06(d) of the Texas Family Code.

The parties to the suit settled their differences concerning child support by submitting an agreed judgment to the trial court. This judgment was approved and signed by the trial court. The parties did not have a separate contractual settlement agreement, and the consent judgment did not provide that the terms of the judgment would be enforceable in a suit based on contract.

Section 14.06(d) specifically states that "terms of the agreement set forth in the decree ... are not enforceable as contract terms unless the agreement so provides."

The appellant and the majority opinion of this Court rely on *Adwan v. Adwan*, 538 S.W.2d 192, 195 (Tex.Civ.App.—Dallas 1976, no writ), to support appellant's position. The facts in *Adwan* are distinguishable from the facts in the instant case. *Adwan* was a suit for damages to enforce a separate written contractual agreement that had been entered into, in addition to a judgment. The present suit is to recover child support based on a consent judgment where there was no separate written agreement.

That portion of the judgment relied upon by the majority to support its position states as follows:

It is, therefore ORDERED and DECREED as the parties have agreed that Respondent's ... obligation to or for the benefit of each child designated above shall not cease with Respondent's death but shall be an obligation of Respondent's estate.

Because the cited portion of the trial court's judgment continues the same obligations against the appellant's estate as the judgment establishes against the appellant, the majority concludes, as a matter of law, that an enforceable contract was created. I disagree with this conclusion. The portion of the judgment quoted above only extends those responsibilities agreed to by the appellant to his estate and nothing more. This extension does not create a contract and does not create additional rights for the appellee against the appellant. Furthermore, even if the parties in this case intended for a contract to be formed, oral or written, the judgment would not be enforceable as a contract, because such information is not recited in the judgment as required by sec. 14.06(d). *Dorshaw v. Dorshaw*, 635 S.W.2d 783, 785 (Tex.App.—Corpus Christi 1982, no writ). I see no logical reason why an oral agreement incorporated into a judgment would be enforceable and a written agreement incorporated into a judgment *not* enforceable, where neither of the judgments comply with the requirements of sec. 14.06(d).

I would affirm the judgment of the trial court.