Klaus **ELFELDT**, Petitioner,

v.

Patricia S. **ELFELDT**, Respondent.

No. C–6267.

Supreme Court of Texas.

May 6, 1987.

Rehearing Denied June 17, 1987.

Shawn Casey, Houston, for petitioner.

Thomas Alexander and David J. Sacks, Alexander, Fogel & McEvily, Houston, for respondent.

PER CURIAM.

This case involves the enforcement of an "adult" support provision of an agreed child support modification order. The trial

court granted summary judgment for Klaus Elfeldt because the agreed order did not expressly state that its terms were contractually enforceable. The court of appeals reversed and remanded for trial holding that the parties intended that the agreed order would be enforceable as a contract. 725 S.W.2d 308. A majority of this court reverses the judgment of the court of appeals and renders judgment for Klaus Elfeldt.

Klaus and Patricia Elfeldt were divorced in 1970. In 1975, the trial court rendered an agreed modification order increasing the amount of child support for their two children. The agreed order required Klaus to pay child support until the youngest child reached eighteen years of age, and if either or both children attended college, he was to continue the payments until either or both children completed four years of college.

Klaus paid child support until the youngest child reached eighteen. He then stopped paying even though both children were in college. Patricia brought this contract suit to enforce the terms of the agreed order.

This suit was brought as a contract action because a court of continuing jurisdiction under the Family Code has no authority to order or to enforce support for a non-disabled child over eighteen. Tex.Fam. Code Ann. § 14.05 (Vernon 1986); *Ex Parte Williams*, 420 S.W.2d 135, 136–37 (Tex.1967). To be enforceable as a contract, an agreement concerning the support of a non-disabled child over eighteen must satisfy Tex.Fam.Code Ann. § 14.06(d) which provides:

> Terms of the agreement set forth in the decree may be enforced by all remedies available for enforcement of a judgment, including contempt, *but are not enforceable as contract terms unless the agreement so provides.* (emphasis added).

The Elfeldts did not stipulate that the agreed order was contractually enforceable.

Section 14.06(d) clearly requires that the parties to an agreement concerning the support of a non-disabled child over eighteen must expressly provide in the order incorporating the agreement that its terms are enforceable as contract terms for that remedy to be available. The decision of the court of appeals is thus contrary to section 14.06(d). Consequently, a majority of this court grants the application for writ of error, and, pursuant to Tex.R.App.P. 133(b), without hearing oral argument, reverses the judgment of the court of appeals and affirms the trial court's summary judgment in favor of Klaus Elfeldt.