Mary Ann Smothers BRUNI, Appellant,

v.

Robert Joseph BRUNI, Appellee.

No. 04–94–00708–CV.

Court of Appeals of Texas,
San Antonio.

Oct. 18, 1995.

Rehearing Overruled Nov. 7, 1995.

Richard R. Orsinger, San Antonio, for appellant.

John M. Pinckney, III, Matthews & Branscomb, San Antonio, for appellee.

Before RICKHOFF, LOPEZ and GREEN, JJ.

## OPINION

LOPEZ, Justice.

Appellant, Mary Ann Smothers Bruni, appeals a judgment awarding only partial child support in arrears against Robert J. Bruni, Appellee. Smothers challenges the trial court's decision not to enforce the parties' agreement that Bruni pay child support on each child until the age of twenty-one (21).

The parties were divorced on May 30, 1975. At the time of the divorce, the parties entered into an agreement setting forth the property settlement and custody, support, and visitation for the four minor children. This agreement was mentioned in the divorce decree only in regard to community property, but was not referred to in the provisions setting forth child custody, visitation and support. Therefore, the agreement was not expressly incorporated into the divorce decree. A subsequent agreement to increase the amount of child support was made in November of 1981 and an order was entered modifying the 1975 decree, with no mention of the 1975 separate agreement.

As of December 12, 1990, all four children affected by the agreement had reached the age of eighteen (18). Appellee made no support payments after May 1, 1990. Appellant filed suit and the trial court awarded only the child support due through December of 1990, finding that the agreement to pay child support on each child until the age of twenty-one (21) was not enforceable under the Family Code or as a contract. We affirm the judgment of the trial court.

Appellant brings eight points of error, the first six questioning whether the separate agreements on child support are enforceable under a contract cause of action. Appellant further asks us to find that Texas Family Code § 14.06(d) violates the due process of law and equal protection provisions of the Texas Constitution if the statute is interpreted to require express contractual language for agreements to be enforced under contract law. Finally, Appellant asserts that if the trial court's judgment is reversed, the award of attorney's fees must be reversed as well.

■ In her first point of error, Appellant alleges that if the 1975 child support agreement was not incorporated into the divorce decree, as the trial court found, then Texas Family Code § 14.06(d) does not apply and the agreement is enforceable as a contract.

■ We agree with the trial court that the agreement was not incorporated into the divorce decree. We do not, however, find that the agreement can be enforced under common law contract. The agreement provided:

This agreement, upon approval by the court and incorporated in the court's judgment, shall survive the judgment and

thereafter be binding on the parties, their heirs and representatives, until it has been fully performed according to its terms and the parties agree to request the court having jurisdiction of their divorce to approve this agreement and incorporate it in any decree of divorce that may be granted. The divorce decree sets forth that "the parties have entered into an agreement for the division of their community property and both parties have asked the court to approve the agreement, which the court finds to be fair and reasonable." There is no language in the decree, however, that purports to either incorporate the agreement or enforce the child support provisions of the agreement. Furthermore, child support obligations are specifically set out in a separate paragraph of the decree, with no mention of the parties' agreement.

■ The conditional paragraph in the 1975 agreement, making enforcement contingent on the court's approval and incorporation into the judgment, was never satisfied. When a condition precedent is set forth in an agreement, that condition must be met before the agreement is enforceable. *Centex Corp. v. Dalton,* 840 S.W.2d 952, 956 (Tex. 1992); RESTATEMENT (SECOND) OF CONTRACTS § 224 (1981). Because the enforceability of the 1975 agreement was conditioned on the court's acceptance, the fact that the court did not approve or incorporate the agreement makes it unenforceable as a contract as well. *See Centex Corp.,* 840 S.W.2d at 956. Point of error one is overruled.

■ Appellant challenges, in her second point of error, that the evidence is either legally or factually insufficient to support the trial court's finding that the 1975 agreement was not incorporated into the divorce decree. The trial court's findings of fact are reviewed for legal and factual sufficiency of the evidence under the same standards as a jury finding. *Zieben v. Platt,* 786 S.W.2d 797, 799 (Tex.App.—Houston [14th Dist.] 1990, no writ); *see also Southern States Transp., Inc. v. State,* 774 S.W.2d 639, 640 (Tex.1989). In reviewing a no evidence point of error, only the evidence and inferences that support the finding can be considered. *Davis v. City of San Antonio,* 752 S.W.2d 518, 522 (Tex.1988).

In considering a factual sufficiency point, we assess all the evidence and reverse for a new trial only if the challenged finding is so against the great weight and preponderance of the evidence as to be manifestly unjust. *Pool v. Ford Motor Co.,* 715 S.W.2d 629, 635 (Tex.1986); *Cain v. Bain,* 709 S.W.2d 175, 176 (Tex.1986).

■ As discussed above, although the decree approved by the trial court refers to the "agreement for the division of their community property," there is no language adopting or incorporating the child support provisions of the agreement into the decree. Where the document of the court is unambiguous, we will not look to outside evidence to determine the intent of the parties. *Sun Oil Co. v. Madeley,* 626 S.W.2d 726, 732 (Tex.1981). We find that there was sufficient evidence, both legally and factually, to support the trial court's finding that the 1975 agreement was not incorporated into the divorce decree. Point of error two is overruled.

■ In her third point of error, Appellant challenges the legal and factual sufficiency of the evidence to support the trial court's finding that neither the 1981 order or the 1981 agreement were enforceable as a contract. In 1981 the trial court, through an order incorporating a new agreement entered into by both of the parties, increased the amount of child support. Because the 1981 modification addressing child support was expressly incorporated into the court order, its enforcement does fall under the Family Code. The applicable statute sets forth that:

(a) To promote the amicable settlement of disputes between the parties to a suit under this chapter, the parties may enter into a written agreement containing provision for conservatorship and support of the child, modifications of agreements or orders providing for conservatorship and support of the child and appointment of joint managing conservators....

(c) If the court finds that the agreement is in the child's best interest, its terms shall be set forth in the decree and the parties shall be ordered to perform them.

(d) Terms of the agreement set forth in the decree may be enforced by all reme-

dies available for enforcement of a judgment, including contempt, but *are not enforceable as contract terms unless the agreement so provides.*

Tex.Fam.Code § 14.06 (Vernon 1986) (emphasis added). The Texas Supreme Court has interpreted this statute to require that "parties to an agreement concerning the support of a non-disabled child over eighteen must expressly provide in the order incorporating the agreement that its terms are enforceable as contract terms...." *Elfeldt v. Elfeldt,* 730 S.W.2d 657, 658 (Tex.1987); *see also Rinehold v. Rinehold,* 790 S.W.2d 404, 405–06 (Tex.App.—Houston [14th Dist.] 1990, no writ); *Lambourn v. Lambourn,* 787 S.W.2d 431, 432 (Tex.App.—Houston [14th Dist.] 1990, writ denied). Neither the 1981 order or the agreement include express terms of contract enforceability. Although Appellant urges us to disregard the requirements set out in *Elfeldt,* we have no authority to contradict the clear terms of the Family Code or the Texas Supreme Court's interpretation thereof. Appellant's third point of error is overruled.

■ In point of error four, Appellant asserts that the trial court erred in finding that Appellant was attempting to enforce the 1981 order and agreement, when in fact Appellant was seeking to enforce the 1975 agreement as amended in 1981. Because we have found that the 1975 agreement was not enforceable since the condition was not met, only the 1975 decree and the 1981 modifications need to be considered. We have addressed these documents in other points of error. Point of error four is overruled.

Appellant next challenges the trial court's conclusion that the 1975 divorce decree with the 1981 modification is not enforceable as a contract. The agreements made and incorporated into a court decree or order are required to include express language in order to be enforceable under contract law. Tex. Fam.Code § 14.06(d) (Vernon 1986); *Elfeldt,* 730 S.W.2d at 658; *see also Rinehold,* 790 S.W.2d at 405–06; *Lambourn,* 787 S.W.2d at 432. Neither the 1975 divorce decree or agreement, nor the 1981 order or agreement contained language setting forth that the agreement would be enforceable as a con-

tract. The trial court's decision to follow *Elfeldt* and its progeny is not an abuse of discretion. Point of error five is overruled.

■ In point of error six, Appellant challenges the trial court's decision to grant only a portion of the past-due contractual child support payments. Because Texas law dictates that, absent a contractual agreement, there is no basis for the court to enforce child support payments past the time when the youngest child has turned eighteen (18), the trial court did not err in granting only payments due through December of 1990. *See Elfeldt,* 730 S.W.2d at 658. Point of error six is overruled.

■ Appellant contends, in point of error seven, that the Texas Family Code § 14.06(d) violates the due process of law and equal protection provisions of the Texas Constitution if the statute is interpreted to require that a divorce decree, incorporating a child support agreement, expressly provide that the agreement is enforceable as a contract. The Texas Supreme Court, in *Elfeldt,* specifically interpreted Family Code § 14.06(d) to require the incorporating document include language of enforceability as a contract. *Elfeldt,* 730 S.W.2d at 658. Appellant argues that this requirement puts an additional burden on parties in a suit affecting the parent-child relationship, that is not required of parties involved in other types of litigation.

■ When considering the constitutionality of a statute, we must presume that the statute is valid. *HL Farm Corp. v. Self,* 877 S.W.2d 288, 290 (Tex.1994). In a due process of law challenge we must balance the gain to the public welfare with the effect on personal property or liberty. *C & H Nationwide, Inc. v. Thompson,* 903 S.W.2d 315, 326 (Tex.1994). The statute must be rationally related to a legitimate state interest. *Id. But see Texas Workers' Compensation Comm'n v. Garcia,* 893 S.W.2d 504, 520–21 (Tex.1995) (comparing standards used in Texas courts when considering a due process challenge). The legislature may also limit common law remedies if there is a reasonable substitute remedy and it is a reasonable exercise of police power for the general welfare. *Garcia,* 893 S.W.2d at 520–21.

The statute in question specifically sets forth a purpose "to promote the amicable settlement of disputes." TEX.FAM.CODE § 14.06(d) (Vernon 1986). The court can encourage settlement of conservatorship and support issues, but must also consider the best interest of the child. *Id.* Both goals can be accomplished by allowing for separate enforceable agreements, but also requiring court approval and both parties' express understanding of the consequences.

 Section 14.06(d) was in effect when the parties drafted their agreement in 1975 and when the modified agreement was drafted in 1981. They had notice of what was required by law, yet none of the documents included language that the agreements would be enforceable as contracts. The statute does limit the enforceability of agreements regarding conservatorship and support, but also provides an express avenue to allow binding contractual agreements. We find that the statute does not violate the due process clause of the Texas Constitution because its purpose of encouraging settlement agreements is rationally related to the government interest of protecting the best interest of the child. We also find that the statute is a reasonable exercise of police power and does not violate the open courts doctrine.

In an equal protection challenge, if interests other than fundamental rights are affected and there is no suspect class involved, the classification must be rationally related to a legitimate state interest. *Garcia*, 893 S.W.2d at 524. The statute affects only parties who are involved in a suit affecting the parent-child relationship. However, legislative classification is allowed if there is a reasonable ground for its creation and the law is applied equally to all within the class. *State v. Richards*, 301 S.W.2d 597, 600-601 (Tex.1957).

Parties involved in a suit to decide the conservatorship and support of their children are necessarily in a unique position. The legislature has required the courts to pay special attention to decisions made in matters affecting children. *Williams v. Patton*, 821 S.W.2d 141, 143-44 (Tex.1991). We find that the creation of special rules of

contract for the classification of parties involved in a suit affecting the parent-child relationship does not violate the equal protection clause of the Texas Constitution because the special needs of children are addressed and all parties in the class are affected equally by the statute. Point of error seven is overruled.

In her last point of error, Appellant asserts that if the underlying judgment is reversed, the award of attorney's fees should also be reversed and reconsidered. Because we have upheld the underlying judgment, we need not consider this point.

The judgment is affirmed in all respects.