Mary Ann Smothers BRUNI, Petitioner,

v.

Robert Joseph BRUNI, Respondent.

No. 95–1292.

Supreme Court of Texas.

June 14, 1996.

Richard R. Orsinger, Law Office of Richard R. Orsinger, San Antonio, for petitioner.

John M. Pinckney, III, Matthews & Branscomb, San Antonio, for respondent.

ENOCH, Justice, delivered the opinion for a unanimous Court.

This case involves the requisites for enforcing an agreement to provide child support beyond age eighteen. The court of appeals held that the agreement between Mary Ann Smothers Bruni (Smothers) and Robert Joseph Bruni (Bruni) was not enforceable because it did not expressly provide for enforceability in contract, as required by section 14.06 of the Texas Family Code,[1] and was not approved by the trial court nor incorporated into the parties' divorce decree. — S.W.2d — [1995 WL 612399]. We disagree and reverse the judgment of the court of appeals.

Smothers and Bruni divorced in 1975. They had four children born of that marriage, all minors at the time of divorce. Smothers and Bruni entered into an agreement providing for a property division and for their children's custody, support, and visitation. In the agreement, Bruni agreed to provide child support for each child until the age of twenty-one. The divorce decree set out terms for child support identical to those in the agreement. Smothers sought an increase in child support in 1981 and Bruni agreed. The trial court entered an order modifying the 1975 decree and awarding additional support until each child reached the age of twenty-one.

Bruni stopped making any child support payments after May 1, 1990. In December 1990, all four children were eighteen or older and none were disabled. Smothers filed this action in 1993 to collect unpaid support of $110,000 for the children through age twenty-one. The trial court awarded Smothers past support of $18,000, representing only the support due from May 1990 through December 1990, and concluded that the agreement to pay child support for each child until age twenty-one was unenforceable. It then awarded Smothers attorney's fees of $10,000. The court of appeals affirmed. — S.W.2d ——. We reverse the judgment of the court of appeals and remand to the trial court to render judgment in accordance with this opinion.

■ With certain exceptions not relevant here, the Family Code authorizes court-ordered child support only until a child is eighteen years old. TEX. FAM.CODE § 14.05 (*recodified at* § 154.001). The parties' agreement that Bruni provide support for their children until age twenty-one is enforceable as a contract only if their agreement so provides. *Id.* § 14.06(d) (*recodified at* § 154.124(c)). If so, Bruni's support obligation for children over eighteen may be enforced by ordinary processes of law. *Ex parte Hall*, 854 S.W.2d 656, 658 (Tex.1993); *Ex parte Hatch*, 410 S.W.2d 773, 776 (Tex. 1967).

The 1975 agreement states:

This agreement, upon approval by the court and incorporated in the court's judgment, shall survive the judgment and thereafter be binding on the parties, their heirs and representatives, until it has been fully performed according to its terms and the parties agree to request the court having jurisdiction of their divorce to approve this agreement and incorporate it in any decree of divorce that may be granted.

Smothers argues that this language satisfies section 14.06(d) as an expression of the parties' intent that the agreement survive as a binding contract after the divorce decree, provided the trial court approved the agreement and incorporated it into the decree.

Bruni argues first that our decision in *Elfeldt v. Elfeldt*, 730 S.W.2d 657, 658 (Tex. 1987)(per curiam), requires the divorce decree to provide for the enforceability of the parties' agreement. The decree in this case does not. Alternatively, Bruni argues that the parties' 1975 agreement was neither approved by the trial court nor incorporated into the decree, thus failing to meet the conditions precedent of the agreement. We disagree.

■ In *Elfeldt*, the trial court rendered an agreed modification order increasing the amount of child support and providing for child support until the age of eighteen and thereafter until the children completed four years of college. 730 S.W.2d at 658. Section 14.06(d) requires that the agreement on support, not the trial court's order, provide for

1. Recodified in 1995 at TEX. FAM.CODE § 154.124.

enforceability as a contract. There was no separate agreement in *Elfeldt*. The only expression of the parties' agreement to modify child support was through the trial court's agreed order. When there is no separate written agreement and the trial court's order is the only written manifestation of the parties' agreement on support, *Elfeldt* requires that the trial court's order provide for enforceability. *Id.* *Elfeldt* does not require the trial court's order to provide for enforceability if the parties' written agreement reflected in the order provides for enforceability as a contract. TEX. FAM.CODE § 14.06(d).

■ Here, the parties' 1975 agreement specifically provides that it *survives* the court's judgment, the divorce decree, and *is binding* on the parties, their heirs, and their representatives, if the trial court approved the agreement and incorporated it into the decree. Section 14.06(d) does not require any "magic words" providing for enforceability. We hold that this language expresses the parties' intent that the 1975 agreement, including the child support obligations, be enforced as a contract once approved and incorporated into the divorce decree.

■ Our next question is whether the trial court approved and incorporated the terms of the 1975 agreement in its decree. The terms of the agreement for the amount, frequency and date of payments, and duration of Bruni's child support obligations are identical to that provided in the decree, except that the agreement provides that Bruni may claim the four children as dependents on his federal income tax return while the decree is silent on this point. The divorce decree does not expressly state on its face that the court approves of or incorporates the terms of the 1975 agreement. However, the inclusion of the parties' agreement for child support into the decree constitutes approval of those terms by the trial court and satisfies the agreement's condition precedent that such terms be incorporated into the trial court's judgment.

Bruni relies on *Rinehold v. Rinehold*, 790 S.W.2d 404, 406–07 (Tex.App.—Houston [14th Dist.] 1990, no writ), in which the court concluded that a child support agreement incident to divorce was not incorporated into the divorce decree when the decree referenced the agreement only in connection with the property settlement. It is unclear from *Rinehold* whether the decree adopted the terms of the parties' agreement, as did the decree in this case. However, to the extent *Rinehold* may be read to require a decree to expressly state on its face that the trial court "approves" the parties' agreement on child support, we disapprove of *Rinehold*. We hold as a matter of law that the 1975 agreement was approved and incorporated into the divorce decree and is enforceable in contract.

■ The 1981 modification increasing Bruni's monthly child support payment likewise is enforceable in contract. The 1981 agreement clearly states that it amends the 1975 agreement, which we have held is enforceable in contract. The trial court's 1981 order modifying child support explicitly approves and incorporates into the order the parties' 1981 agreement amending the 1975 agreement "as if it were recited herein verbatim." These circumstances satisfy the requisites of section 14.06(d).

Smothers argues that if this Court reverses the judgment of the court of appeals and holds the 1975 agreement, as amended, is enforceable in contract, we should remand to the trial court the question of attorney's fees. She argues that the trial court's judgment awarding her child support of only $18,000 influenced the trial court's award of only $10,000 in attorney's fees. Bruni argues that Smothers has neither challenged the legal sufficiency of the evidence supporting the trial court's finding nor asserted the trial court abused its discretion in awarding her attorney's fees of $10,000 and thus, has waived any error.

■ The award of attorney's fees in a suit affecting the parent-child relationship is within the trial court's discretion. TEX. FAM. CODE § 11.18(a) (*recodified at* §§ 106.001–.002). In light of our decision today, the trial court's judgment on remand may be significantly different. Because the trial court premised its judgment on erroneous conclusions of law about the enforceability of the parties' agreement to provide child support past age eighteen, the trial court should be

given an opportunity to reconsider the award of attorney's fees when it renders a new judgment.

\* \* \* \* \* \*

We hold that the parties' 1975 agreement to provide child support for their children past age eighteen, as amended in 1981, satisfied the requisites of section 14.06(d) of the Family Code, was approved by the trial court and incorporated into the trial court's divorce decree, and was enforceable in contract. We reverse the judgment of the court of appeals and remand to the trial court to render judgment in accordance with this opinion.