11th
Court of Appeals

                                                                  Eastland,
Texas

                                                             Memorandum
Opinion

 

In the
Interest of M.D.M., K.M.M., and L.N.M.

No.  11-03-00379-CV --
Appeal from Ector County

 

In this case, we must determine whether the trial
court erred when it required the payment of child support beyond the age of
18.  Robert Wayne Massey and Deanna Kay
Massey divorced in February 1991.  Deanna
was named sole managing conservator of their 3 minor children: M.D.M., K.M.M.,
and L.N.M.  Robert was ordered to pay
child support.  Deanna filed a motion for
clarification of the child support order in June 2003; and, in August 2003, she
filed a motion for enforcement of the child support order.  After a hearing on the motions, the trial
court entered an order clarifying the child support order.   We reverse and render.

In 5 issues on appeal, Robert argues that the
trial court erred when it clarified the divorce decree and required him to pay
child support under certain circumstances for each child after the child had
reached the age of 18.  In the original
divorce decree, the trial court provided:

IT IS ORDERED AND DECREED that ROBERT WAYNE MASSEY
is obligated to pay, and subject to the provisions for withholding from
earnings for child support specified below, shall pay to DEANNA KAY MASSEY
child support of $1,300 per month...payable on the same day of each month
thereafter until the date of the earliest occurrence of one of the following
events:

 

(1) any child reaches the age of 18 years,
provided that, if the child is fully enrolled in an accredited education
program leading toward a high school or college diploma, the periodic
child-support payments hsall (sic) continue to be due and paid until the end of
the school year in which the child graduates;

 

(2) any child marries;

 

(3) any child dies;

 

(4) any child=s
disabilities are otherwise removed for general purposes;








(5) any child is otherwise emancipated; or

 

(6) further order modifying this child support.

 

Thereafter, ROBERT WAYNE MASSEY is ORDERED AND
DECREED to pay to DEANNA KAY MASSEY child support of $1,083.34 per
month...until the date of the next occurrence of one of the events specified
above. 

 

M.D.M. turned 18 on October 16, 2002, and
graduated from high school in May 2003. On June 1, 2003, Robert began paying
Deanna $1,083.34 in child support.  It
was then that Deanna filed first the motion for clarification of the child
support order and later a motion to enforce the child support order.   

After the hearing on Deanna=s
motions, the trial court entered an order in which it clarified  the divorce decree as follows:

IT
IS ORDERED that the child support required to be paid under Section XII,
beginning at the top of page 10 of the Decree, continues for the benefit of
each child, beyond the child=s
age of majority, while that child is fully enrolled in an accredited
college.  In this respect, Afully enrolled@
shall mean that the child is taking not less than 12 hours per full semester
while maintaining substantial progress toward a specific college degree;
provided, however, that child support for the benefit of any child shall, in no
instance, extend beyond the date which is four years after that child=s graduation from high school, and
further provided that [Deanna] shall provide proof, upon reasonable request of
[Robert], that a child is fully enrolled as defined above.  

 








In his first issue on appeal, Robert contends that
the trial court erred in extending his child support obligation for a child
over the age of 18 who has graduated from high school.  Absent certain exceptions not applicable in
this case, the Texas Family Code authorizes court-ordered child support only
until a child is 18 years old or graduates from high school, whichever occurs
later.  TEX. FAM. CODE ANN. ' 154.001 (Vernon 2002)[1];
Bruni v. Bruni, 924 S.W.2d 366 (Tex.1996); Elfeldt v. Elfeldt,
730 S.W.2d 657 (Tex.1987).  To be
enforceable as a contract, an agreement to provide support for a child over the
age of 18 must satisfy former  TEX. FAM.
CODE ' 14.06(d)
(1991).[2]  Elfeldt v. Elfeldt, supra.   Section 14.06(d) provided  that A[t]erms
of the agreement set forth in the decree may be enforced by all remedies
available for enforcement of a judgment, including contempt, but are not
enforceable as contract terms unless the agreement so provides.@ 

There was no separate agreement concerning payment
of child support beyond a child reaching the age of 18.  Cf. Bruni v. Bruni, supra.  The divorce decree is the only expression of
the parties=
agreement on support.  Because there was
no agreement concerning child support entered into between Robert and Deanna
after September 1, 2003, we must apply Section 14.06(d), which was the law in
effect at the time of the original divorce decree.  Section 14.06(d) required that the parties
expressly provide in an agreement that the terms of the agreement provide
support for a non-disabled child over the age of 18 are enforceable as a
contract.  There is no such
agreement.  If there is no such
agreement, then the divorce decree must provide for enforceability; it does
not.  Elfeldt v. Elfeldt,
supra. The trial court erred in requiring Robert to pay child support
after the children had reached the age of 18 and had graduated from high
school.  Robert=s
first issue on appeal is sustained. 
Because of our disposition of Robert=s
first issue on appeal, we need not address his remaining issues.  TEX.R.APP.P. 47.1.

We reverse the trial court=s
order.  We render judgment that Robert is
not required to pay child support after a child has reached 18 years of age or
until graduation from high school, whichever occurs later.

 

JIM R. WRIGHT

JUSTICE

 

June 23, 2005

Not designated for publication. 
See TEX.R.APP.P. 47.2(a).

Panel
consists of:  Arnot, C.J., and

Wright,
J., and McCall, J.











[1]At the time the divorce decree was entered, this
provision was codified at TEX. FAM. CODE ' 14.05
(1991).  





[2]At the time of the divorce decree, TEX. FAM. CODE ' 14.06(d) (1991) was in effect.  Section 14.06(d) has been recodified as TEX.
FAM. CODE ANN. ' 154.124(c) (Vernon Supp. 2004 - 2005) and provides
that A[t]erms of the agreement pertaining to child support in
the order may be enforced by all remedies available for enforcement of a
judgment, including contempt, but are not enforceable as a contract.@  Section
154.124(c) took effect September 1, 2003, and is only applicable to an
agreement concerning child support entered into after that date.