NO. 07-10-00029-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

JULY 20, 2010

DIANE HUFFINES, APPELLANT

v.

TIMOTHY MCMAHILL, APPELLEE

FROM THE COUNTY COURT AT LAW NO. 1 OF WICHITA COUNTY;

NO. CCL-559-06-E; HONORABLE JIM C. HOGAN, JUDGE

Before QUINN, C.J., and CAMPBELL and PIRTLE, JJ.

**MEMORANDUM OPINION**

Appellant Diane Huffines appeals a judgment awarding her former husband Timothy McMahill damages for breach of an agreement to pay their son's college tuition. Finding the trial court abused its discretion by enforcing the terms of the agreement as a contract, we will reverse and render judgment that McMahill take nothing.

Background

On March 7, 1989, the trial court signed a final decree of divorce dissolving the marriage of Huffines and McMahill. Huffines was made sole managing conservator of

the parties' son, and McMahill was responsible for payment of monthly child support. In November 1998, the trial court signed an order granting McMahill's motion to modify. In the order, to which Huffines and McMahill agreed as to form and substance, the court modified the terms of possession of the child. In addition, the order contained the following paragraph eight:

**Support.**

IT IS ORDERED that neither party is to pay child support, except that Timothy McMahill is to continue to provide health insurance for [the child]. Timothy McMahill will provide for [the child's] clothing needs, sports activity fees, school fees, and future vehicle needs. Timothy McMahill and Diane S. Huffines will each be responsible for one-half (1/2) the cost of [the child's] college tuition. Unreimbursed medical expenses will be paid 50% by Timothy McMahill and 50% by Diane S. Huffines. C.R. 12.

By 2006, the parties' son was over the age of eighteen and enrolled in college. Huffines refused to pay for one-half of his tuition pursuant to the 1998 order. McMahill filed suit but under a cause number separate from the previous family law proceeding. The trial court awarded McMahill $8,712.14 in damages for Huffines' breach of contract. Huffines filed a motion for new trial that was overruled by operation of law.

Analysis

Huffines brings five issues, urging that the trial court abused its discretion by (1) finding the 1998 order enforceable as a contract; (2) finding the 1998 order was not superseded by a subsequent order of December 11, 2001; (3) enforcing the 1998 order as a contract because the consideration for the contract failed; (4) awarding damages on factually insufficient evidence; and (5) enforcing the 1998 agreement as a contract

2

after finding that the agreement of the parties to each be responsible for one-half of their son's college tuition was not a provision for the support of a child.

We review the trial court's judgment under an abuse of discretion standard. *See Worford v. Stamper,* 801 S.W.2d 108, 109 (Tex. 1991) (clear abuse of discretion). If the trial court fails to accurately interpret the law or applies the law incorrectly, then it abuses its discretion. *Id.*; *Downer v. Aquamarine Operators, Inc.* 701 S.W.2d 238, 241-42 (Tex. 1985). A trial court has no discretion in determining what the law is or properly applying the law. *In re Dep't of Family & Protective Servs.,* 273 S.W.3d 637, 643 (Tex. 2009) (citing *In re Tex. Dep't of Family & Protective Servs.*, 210 S.W.3d 612 (Tex. 2006)).

Orders modifying the support of a child fall under the purview of § 154.001 of the Family Code. Tex. Fam. Code Ann. § 154.001 (Vernon 2008). Section 154.001(a)(1) prohibits court-ordered child support for children past the age of eighteen. At the time relevant to this appeal, Family Code § 154.124(c) provided contractual enforcement of child support past a child's eighteenth birthday. *Elfeldt v. Elfeldt*, 730 S.W.2d 657, 658 (Tex. 1987) (per curiam) (interpreting § 14.06, recodified as § 154.124, court held parties to an agreement concerning the support of a non-disabled child over eighteen must expressly provide in the order incorporating the agreement that its terms are enforceable as contract terms for a contractual remedy to be available). To utilize the exception, the parties to an order for support of a child had to agree that the terms would be enforced contractually, or the order had to expressly incorporate a contractual agreement. *Id.*; *Bruni v. Bruni*, 924 S.W.2d 366, 368 (Tex. 1996) (discussing

3

requirement of *Elfeldt* that in absence of separate written agreement and when order is only written manifestation of parties' agreement, order must provide for enforceability as contract).[1]

The order at the center of this case did not provide for contractual enforcement. *Elfeldt,* 730 S.W.2d at 658; *Bruni,* 924 S.W.2d at 368. There is also no indication that the parties made a written agreement for child support whose terms were incorporated into the 1998 order. We conclude the trial court misapplied Family Code § 154.124(c) in finding the agreement enforceable as a contract. *See Bruni*, 924 S.W.2d at 368.

McMahill relies on the finding of the trial court to argue that the parties' agreement for payment of their son's college tuition was a contract and not an agreement concerning child support. But this is a conclusion of law rather than a finding of fact. *See In the Interest of A.L.H.C.,* 49 S.W.3d 911, 918 (Tex.App.--Dallas 2001, pet. denied) (judgment is interpreted like other written instruments and absent ambiguity construction of written instrument is question of law). A trial court's incorrect conclusion of law is not binding on the appellate court. *Cadle Co. v. Regency Homes, Inc.,* 21 S.W.3d 670, 682 (Tex. App.--Austin 2000, pet. denied). *See Bexar County Criminal Dist. Attorney's Office v. Mayo,* 773 S.W.2d 642, 643 (Tex.App.--San Antonio 1989, no writ) (erroneous conclusions of law are not binding on an appellate court.)

---

[1] Family Code § 154.124(c) was amended, effective for agreements entered on or after September 1, 2003. The amendment has no application here, and would not lead to a different outcome in any event. *See Martinez v. Costilla*, No. 04-07-0691-CV, 2008 Tex. App. Lexis 6896, *2 n.1 (Tex.App.—San Antonio Sept. 10, 2008, no pet.) (mem. op.) (discussing statutory amendment).

Paragraph eight of the 1998 order is labeled "support." Its first sentence states neither party shall pay child support except McMahill shall be responsible for his son's "clothing needs, sports activities fees, and future vehicle needs." The following sentence obligates McMahill and Huffines for payment of one-half of college tuition. The paragraph then concludes with a sentence obligating McMahill and Huffines for payment of unreimbursed medical expenses. One commentator observes, "[t]he most common type of child support order is one that requires the parent who is not managing conservator to pay the managing conservator a sum of money on a periodic basis." 22 William V. Dorsaneo III, Texas Litigation Guide § 371A.03[2][a] (2006). But other types of support are authorized. *See* Tex. Fam. Code Ann. § 154.001 (Vernon 2008) (either or both parents may be ordered "to support a child in the manner specified by the order"); § 154.003 (specifying methods of payment). Child support payments may include a specific expense, such as tuition. *Rovner v. Rovner*, 778 S.W.2d 905, 906 (Tex.App.— Dallas 1989, writ denied). Here, the only reasonable reading of paragraph eight of the 1998 order is while neither party was obligated for periodic support payments each was obligated for payment of one-half the cost of college tuition, as support of their son.

We conclude the trial court abused its discretion by not correctly applying Family Code § 154.124(c).

We turn now to the question of harm and whether the error probably caused the rendition of an improper judgment. Tex. R. App. P. 44.1(a)(1). As noted, the instant suit was filed as a separate breach of contract suit under its own cause number. The trial court's judgment and findings make clear the judgment is based only on a breach of

5

contract theory. Because the 1998 order was not enforceable as a contract, the error of the trial court resulted in an improper judgment.

## Conclusion

Having sustained Huffines' first issue and finding the error was not harmless, we reverse the judgment of the trial court and render judgment that McMahill take nothing. Our disposition of Huffines' first issue makes unnecessary discussion of her remaining issues. Tex. R. App. P. 47.1.

James T. Campbell
Justice