NO. 07-10-00029-CV

 

IN THE COURT OF APPEALS

 

FOR THE
SEVENTH DISTRICT OF TEXAS

 

AT
AMARILLO

 

PANEL D

 



JULY
20, 2010

 



 

DIANE HUFFINES, APPELLANT

 

v.

 

TIMOTHY MCMAHILL, APPELLEE 



 



 

 FROM THE COUNTY COURT AT LAW NO. 1
OF WICHITA COUNTY;

 

NO. CCL-559-06-E; HONORABLE JIM C. HOGAN, JUDGE



 



 

Before QUINN,
C.J., and CAMPBELL and PIRTLE, JJ.

 

 

MEMORANDUM OPINION

 

Appellant Diane Huffines
appeals a judgment awarding her former husband Timothy McMahill
damages for breach of an agreement to pay their son’s college tuition.  Finding the trial court abused its discretion
by enforcing the terms of the agreement as a contract,
we will reverse and render judgment that McMahill
take nothing.

Background

            On
March 7, 1989, the trial court signed a final decree of divorce dissolving the
marriage of Huffines and McMahill.  Huffines was made
sole managing conservator of the parties’ son, and McMahill
was responsible for payment of monthly child support.  In November 1998, the trial court signed an
order granting McMahill’s motion to modify.  In the order, to which Huffines
and McMahill agreed as to form and substance, the
court modified the terms of possession of the child.  In addition, the order contained the following
paragraph eight:

Support.

IT IS ORDERED that neither party is to pay child
support, except that Timothy McMahill is to continue
to provide health insurance for [the child]. Timothy McMahill
will provide for [the child’s] clothing needs, sports activity fees, school
fees, and future vehicle needs. Timothy McMahill and
Diane S. Huffines will each be responsible for
one-half (1/2) the cost of [the child’s] college tuition. Unreimbursed medical
expenses will be paid 50% by Timothy McMahill and 50%
by Diane S. Huffines. C.R. 12.


 

By 2006, the parties’ son was over
the age of eighteen and enrolled in college. Huffines
refused to pay for one-half of his tuition pursuant to the 1998 order. McMahill filed suit but under a cause number separate from
the previous family law proceeding. The trial court awarded McMahill
$8,712.14 in damages for Huffines’ breach of
contract. Huffines filed a motion for new trial that
was overruled by operation of law. 

Analysis

Huffines brings five issues, urging that the
trial court abused its discretion by (1) finding the 1998 order enforceable as
a contract; (2) finding the 1998 order was not superseded by a subsequent order
of December 11, 2001; (3) enforcing the 1998 order as a contract because the
consideration for the contract failed; (4) awarding damages on factually
insufficient evidence; and (5) enforcing the 1998 agreement as a contract after
finding that the agreement of the parties to each be responsible for one-half
of their son’s college tuition was not a provision for the support of a child. 

We review the trial court’s judgment
under an abuse of discretion standard. See
Worford v. Stamper, 801 S.W.2d 108, 109 (Tex.
1991) (clear abuse of discretion). If the trial court fails to accurately
interpret the law or applies the law incorrectly, then it abuses its
discretion.  Id.; Downer
v. Aquamarine Operators, Inc. 701 S.W.2d 238, 241-42 (Tex. 1985).  A trial court has no discretion in
determining what the law is or properly applying the law. In re Dep’t of Family & Protective Servs., 273 S.W.3d 637,
643 (Tex. 2009) (citing In re Tex. Dep’t
of Family & Protective Servs., 210 S.W.3d 612
(Tex. 2006)).

            Orders
modifying the support of a child fall under the purview of § 154.001 of the
Family Code. Tex. Fam. Code Ann. § 154.001 (Vernon 2008).
Section 154.001(a)(1) prohibits court-ordered child
support for children past the age of eighteen. At the time relevant to this
appeal, Family Code § 154.124(c) provided contractual enforcement of child
support past a child’s eighteenth birthday. Elfeldt v. Elfeldt, 730 S.W.2d 657, 658 (Tex.
1987) (per curiam) (interpreting § 14.06, recodified as § 154.124, court held parties to an agreement
concerning the support of a non-disabled child over eighteen must expressly
provide in the order incorporating the agreement that its terms are enforceable
as contract terms for a contractual remedy to be available). To utilize the
exception, the parties to an order for support of a child had to agree that the
terms would be enforced contractually, or the order had to expressly
incorporate a contractual agreement. Id.;
Bruni v. Bruni, 924
S.W.2d 366, 368 (Tex. 1996) (discussing requirement of Elfeldt that in absence of
separate written agreement and when order is only written manifestation of
parties’ agreement, order must provide for enforceability as contract).[1]

            The
order at the center of this case did not provide for contractual enforcement. Elfeldt, 730 S.W.2d at 658;
Bruni, 924 S.W.2d at 368. There is also no
indication that the parties made a written agreement for child support whose
terms were incorporated into the 1998 order. We conclude the trial court
misapplied Family Code § 154.124(c) in finding the agreement enforceable as a
contract. See Bruni,
924 S.W.2d at 368. 

            McMahill relies on the finding of the trial court to argue
that the parties’ agreement for payment of their son’s college tuition was a
contract and not an agreement concerning child support.  But this is a conclusion of law rather than a
finding of fact.  See In the Interest of
A.L.H.C., 49 S.W.3d 911, 918 (Tex.App.--Dallas
2001, pet. denied) (judgment is interpreted like other written instruments and
absent ambiguity construction of written instrument is question of law).  A trial court’s incorrect conclusion of law
is not binding on the appellate court.  Cadle Co. v. Regency Homes, Inc.,
21 S.W.3d 670, 682 (Tex. App.--Austin 2000, pet. denied).  See
Bexar County Criminal Dist. Attorney’s Office v. Mayo, 773 S.W.2d 642, 643
(Tex.App.--San Antonio 1989, no writ) (erroneous
conclusions of law are not binding on an appellate court.)

            Paragraph
eight of the 1998 order is labeled “support.” Its first sentence states neither
party shall pay child support except McMahill shall
be responsible for his son’s “clothing needs, sports activities fees, and
future vehicle needs.” The following sentence obligates McMahill
and Huffines for payment of one-half of college
tuition. The paragraph then concludes with a sentence obligating McMahill and Huffines for payment
of unreimbursed medical expenses. One commentator observes, “[t]he most common
type of child support order is one that requires the parent who is not managing
conservator to pay the managing conservator a sum of money on a periodic basis.”
22 William V. Dorsaneo III, Texas Litigation Guide § 371A.03[2][a] (2006). But other types of support are
authorized. See Tex. Fam. Code Ann. §
154.001 (Vernon 2008) (either or both parents may be ordered “to support a
child in the manner specified by the order”); § 154.003 (specifying methods of
payment). Child support payments may include a specific expense, such as
tuition. Rovner v. Rovner, 778 S.W.2d 905, 906 (Tex.App.—Dallas 1989, writ denied). Here, the only
reasonable reading of paragraph eight of the 1998 order is while neither party
was obligated for periodic support payments each was obligated for payment of
one-half the cost of college tuition, as support of their son.

            We
conclude the trial court abused its discretion by not correctly applying Family
Code § 154.124(c). 

            We
turn now to the question of harm and whether the error probably caused the
rendition of an improper judgment. Tex. R. App. P. 44.1(a)(1).  As noted, the instant suit was filed as a
separate breach of contract suit under its own cause number.  The trial court’s judgment and findings make
clear the judgment is based only on a breach of contract theory.  Because the 1998 order was not enforceable as
a contract, the error of the trial court resulted in an improper judgment. 

Conclusion

Having sustained Huffines’
first issue and finding the error was not harmless, we
reverse the judgment of the trial court and render judgment that McMahill take nothing. Our disposition of Huffines’ first issue makes unnecessary discussion of her
remaining issues. Tex. R. App. P. 47.1. 

 

                                                                                                James
T. Campbell

                                                                                                            Justice

 











[1] Family Code § 154.124(c)
was amended, effective for agreements entered on or after September 1,
2003.  The amendment has no application
here, and would not lead to a different outcome in any event.  See Martinez v. Costilla, No. 04-07-0691-CV, 2008 Tex. App. Lexis
6896, *2 n.1 (Tex.App.—San Antonio Sept. 10, 2008, no
pet.) (mem. op.) (discussing statutory amendment).