**Affirmed and Opinion filed February 24, 2015.**



In The

# Fourteenth Court of Appeals

### NO. 14-14-00285-CV

## IN THE INTEREST OF D.B.J., A CHILD

**On Appeal from the 246th District Court
Harris County, Texas
Trial Court Cause No. 2010-64637**

## O P I N I O N

This appeal presents the question of whether provisions in an agreed divorce decree requiring support for a nondisabled child of the marriage after the child turned eighteen and graduated from high school can be enforced by contempt. Appellant Carol Jones filed a motion in the trial court seeking enforcement of the support provisions by contempt against appellee Stephen Jones. The trial court denied the motion. We affirm.

### *Background*

Carol and Stephen Jones were divorced on April 29, 2011; there is one child of the marriage, D.B.J. In the Agreed Final Decree, Stephen was ordered to pay monthly

"child support" to Carol beginning June 1, 2011 and ending May 1, 2016, Stephen and Carol were both ordered to provide medical support for D.B.J. "as additional child support for as long as the Court may order [them] to provide support for the child under sections 154.001 and 154.002 of the Texas Family Code," and Stephen was ordered to purchase a life insurance policy naming D.B.J. as beneficiary to "remain in effect for a period not less than twenty-five years from the date of [divorce]."

It is undisputed that D.B.J. turned eighteen on February 18, 2012 and graduated from high school in May 2012. In November 2013, Carol filed a motion for enforcement and two amended motions for enforcement, alleging that Stephen stopped paying support after August 2013. Although the second amended motion, the live pleading at the time of judgment, is not in the record, the trial court made findings of fact regarding its contents. From these findings of fact, which Carol does not challenge, we can deduce that she sought enforcement of the child support and medical support provisions for periods after D.B.J. turned eighteen and graduated from high school as well as enforcement of the life insurance provision.[1] Carol sought only contempt relief for these alleged violations of the decree and did not seek in this case to recover based on any other manner of enforcement or for breach of contract or any other cause of action.

The trial court denied the motion for enforcement, stating that the child support, medical support, and life insurance provisions were not enforceable by contempt because they accrued after D.B.J. turned eighteen and graduated. Carol subsequently waived her claim regarding life insurance in this proceeding and on appeal pursues only enforcement by contempt of the child and medical support provisions for the time

---

[1] In oral argument before this court, Carol's attorney confirmed this interpretation of her live pleading.

period since D.B.J. turned eighteen and graduated from high school.[2]

### *Standards of Review*

We generally review a trial court's decision to grant or deny the relief requested in a post-divorce motion for enforcement for abuse of discretion. *McBride v. McBride*, 396 S.W.3d 724, 730 (Tex. App.—Houston [14th Dist.] 2013, pet. denied). A trial court abuses its discretion when it acts without reference to any guiding rules or principles or when it fails to analyze or apply the law correctly. *Worford v. Stamper*, 801 S.W.2d 108, 109 (Tex. 1990); *In re A.L.S.*, 338 S.W.3d 59, 65 (Tex. App.—Houston [14th Dist.] 2011, pet. denied). We review matters of statutory construction de novo. *See R.R. Comm'n of Tex. v. Tex. Citizens for a Safe Future & Clean Water*, 336 S.W.3d 619, 624 (Tex. 2011); *see also Walker v. Packer*, 827 S.W.2d 833, 840 (Tex. 1992) (orig. proceeding) (observing that a court has no "discretion" to misinterpret or misapply law). In construing a statute, the express statutory language is of primary importance. *See Galbraith Eng'g Consultants, Inc. v. Pochucha*, 290 S.W.3d 863, 867 (Tex. 2009). We apply the plain meaning of the text unless a different meaning is supplied by legislative

---

[2] In its findings of fact, the trial court additionally stated that the decree did "not include any language referencing or incorporating any mediated settlement agreement, informal settlement agreement or any other agreement entered into by the parties," and specifically did "not expressly incorporate a contractual agreement between the parties providing for support of the child, the subject of this suit, from June 1, 2012 through May 1, 2016, which is the time period after the child turned 18 years of age and after the child graduated from high school." The court further quoted certain cases as requiring that parental agreements concerning child support past the age of eighteen and graduation from high school could be enforced through breach-of-contract remedies only if the agreement specifically so provided. *See, e.g., Bruni v. Bruni*, 924 S.W.2d 366 (Tex. 1996); *Elfeldt v. Elfeldt*, 730 S.W.2d 657 (Tex. 1987).

We note that no issues seeking damages for breach of contract were before the trial court in the proceedings below. We further note that the cases cited by the trial court were decided based on superseded sections of the Texas Family Code. *See, e.g., Bruni*, 924 S.W.2d at 367-68; *Elfeldt*, 730 S.W.2d at 658. *Compare* former Tex. Fam. Code §14.06(d) (repealed, current version at *id*. § 154.124(c)) (providing for enforceability of agreements pertaining to child support as a contract if the parties' written agreement reflected in the order provided for enforceability as a contract), *with id*. § 154.124(c) (deleting language permitting, under certain circumstances, enforceability as a contract).

definition or is apparent from the context, or the plain meaning leads to absurd results. *Marks v. St. Luke's Episcopal Hosp.*, 319 S.W.3d 658, 663 (Tex. 2010).

### *Discussion*

In her sole issue, Carol contends that the trial court erred in determining that it had no authority to enforce the child support and medical support provisions of the decree by holding Stephen in contempt.[3] In support of her position, she relies primarily on section 154.124 of the Texas Family Code, which provides:

> (a) To promote the amicable settlement of disputes between the parties to a suit, the parties may enter into a written agreement containing provisions for support of the child and for modification of the agreement, including variations from the child support guidelines provided by Subchapter C.
>
> (b)  If the court finds that the agreement is in the child's best interest, the court shall render an order in accordance with the agreement.
>
> (c)  Terms of the agreement pertaining to child support in the order may be enforced by all remedies available for enforcement of a judgment, including contempt, but are not enforceable as a contract.
>
> (d)  If the court finds the agreement is not in the child's best interest, the court may request the parties to submit a revised agreement or the court may render an order for the support of the child.

Tex. Fam. Code § 154.124.  Carol maintains that the divorce decree was entered in accordance with an agreement between the parties for a continuation of support after D.B.J. turned eighteen and graduated; thus, such support could be enforced by contempt pursuant to section 154.124(c).[4]

---

[3] Carol sought the medical support as a "child support obligation" pursuant to Family Code section 154.183(a), which provides that "[a]n amount an obligor is ordered to pay as medical support . . . is a child support obligation[] and may be enforced by any means available for the enforcement of child support."  Tex. Fam. Code § 154.183(a).

[4] Although the trial court stated in its findings of fact that the decree did not expressly reference or incorporate an agreement related to support after D.B.J. turned eighteen and graduated, *see supra* n.2, the court did not deny the existence of such an agreement or that the decree was entered in accordance with it.  Indeed, such an agreement appears in the record as an attachment to Carol's

4

Contempt is one of several enforcement mechanisms provided in the Family Code. *See generally* Tex. Fam. Code §§ 157.001-.426, 158.001-.507 (providing methods and procedures for enforcing court orders related to children).[5] However, because contempt may result in the incarceration of a person willfully disobeying a court order, it is subject to certain restrictions. *See id.* § 157.166 (providing for imposition of incarceration in an enforcement order); *see also Ex parte Hall*, 854 S.W.2d 656, 658 (Tex. 1993) ("As a general rule, a person who willfully disobeys a valid court order is guilty of contempt and subject to imprisonment for a prescribed period and until he complies with the order."). Chief among these restrictions, article I, section 18 of the Texas Constitution states that "[n]o person shall ever be imprisoned for debt." Tex. Const. art. I, § 18. The question then becomes whether enforcement by contempt of an agreed decree requiring support for a nondisabled child that has turned eighteen and graduated from high school contemplates imprisonment for debt.

In *Ex parte Hall*, the Texas Supreme Court explained that

> [t]he obligation **which the law imposes** on spouses to support one another and on parents to support their children is not considered a "debt" within Article I, section 18, but a legal duty arising out of the status of the parties.

---

motion for new trial, which the trial court denied, and the terms of the agreement match those in the decree concerning the duration and amount of support payments. It does not appear that language expressly incorporating or referencing an agreement is required under section 154.124. *See Bruni*, 924 S.W.2d at 368 (holding under predecessor statute that inclusion of a child support agreement's terms in a decree constituted approval of the agreement even in the absence of express language referencing the agreement).

Carol cites additional Family Code sections in support of her argument, including section 154.006, which provides that "[u]nless otherwise agreed in writing or expressly provided in the order," a child support order terminates on the occurrence of certain events such as marriage, death, or a finding the child has turned eighteen and failed to comply with school enrollment or attendance requirements. Tex. Fam. Code § 154.006. Carol asserts that this language reaffirms that the parties can agree to extend support beyond the child's eighteenth birthday and graduation from high school and that the order can so provide.

[5] Other methods include creation of a lien against real or personal property. *See* Tex. Fam. Code §§ 157.311–.331.

5

. . . However, a person may also contract to support his spouse and children, and that obligation, to the extent it exceeds his legal duty, is a debt.

854 S.W.2d at 658 (emphasis added). The court further clarified that an order of support may be based on a contractual obligation, but it is enforceable by contempt only if it was also authorized by the Family Code. *Id*. at 656, 659[6]; *see also In re Green*, 221 S.W.3d 645, 647 (Tex. 2007) (interpreting *Ex parte Hall*). We must therefore examine whether the contractual child support obligation at issue here—requiring Stephen to continue providing child support and medical support for D.B.J. beyond his eighteenth birthday and graduation—was also authorized by the Family Code. Carol, of course, contends that it was authorized by section 154.124.

In *In re Green*, the Texas Supreme Court addressed an analogous issue involving an agreement for spousal support that was included within a divorce decree. The court concluded that because the spousal support in question was ordered solely on the basis of the parties' agreement, and was not "spousal maintenance" as authorized by the Family Code, contempt was not an available enforcement mechanism. 221 S.W.3d at 646-49. The party seeking enforcement in *In re Green* argued that the support was authorized by a Family Code provision stating "[t]he court may enforce by contempt the court's maintenance order or an agreement for the payment of maintenance voluntarily entered into between the parties and approved by the court." Act of April 17, 1997, 75th Leg., R.S., ch. 7, § 1, 1997 Tex. Gen. Laws 8, 36, *amended and renumbered by* Act of June 14, 2001, 77th Leg., R.S., ch. 807, § 1, 2001 Tex. Gen. Laws 1574, 1586, *amended by* Act of June 14, 2013, 83rd Leg., R.S., ch. 242, § 3, Tex. Gen. Laws 982 (current version at Tex. Fam. Code § 8.059); *In re Green*, 221 S.W.3d at 648. This

---

[6] The order at issue in *Ex parte Hall* ordered support for adult children based on an agreement by the parties rather than a statutory obligation. 854 S.W.2d at 658. Accordingly, the supreme court concluded that the support order was not enforceable by contempt. *Id*. at 659.

language is similar to the language Carol references in section 154.124(c), *i.e.*, "[t]erms of the agreement pertaining to child support in the order may be enforced by . . . contempt."

In *In re Green*, the supreme court interpreted the cited Family Code section relating to spousal maintenance as authorizing enforcement by contempt ***only if the agreement meets the Family Code's other requirements*** for spousal maintenance, and expressly rejected the argument that authorized enforcement by contempt of ***any*** agreement to pay spousal maintenance. 221 S.W.3d at 648.[7] Citing *Ex parte Hall*, the court reaffirmed that to the extent a voluntary agreement regarding support exceeds a party's legal duty of support, it is a contractual debt that cannot be enforced by contempt. *Id.*

Applying the *In re Green* reasoning to the present case, we note that among the statutory restrictions on child support, Family Code sections 154.001 and 154.002 prohibit courts from ordering support for nondisabled children who have reached eighteen and graduated from high school. Tex. Fam. Code §§ 154.001(a), 154.002(a). Accordingly, the parties' agreement as set forth in the decree, requiring Stephen to provide support for D.B.J. past the child's eighteenth birthday and graduation from high school, does not meet the Family Code's other requirements for child support and therefore is not enforceable by contempt. *See In re Green*, 221 S.W.3d at 648.[8]

---

[7] Among other changes, the current version of the provision added subsection a-1, which specifically provides: "The court may not enforce by contempt any provision of an agreed order for maintenance that exceeds the amount of periodic support the court could have ordered under this chapter or for any period of maintenance beyond the period of maintenance the court could have ordered under this chapter." Tex. Fam. Code § 8.059(a-1).

[8] Citing sections 154.001–.002, the Dallas Court of Appeals held in *In re W.R.B.* that the term "child support" as used in chapter 154 does not include support for nondisabled persons who have turned eighteen and graduated from high school. No. 05-12-00776-CV, 2014 WL 1008222, at *4 (Tex. App.—Dallas Feb. 20, 2014, pet. denied). Thus, according to the Dallas Court, section 154.124 has no application to agreements for support continuing past a child's eighteenth birthday or graduation. *Id.* We are not convinced that this definitional approach to interpreting section 154.124 is

Accordingly, the trial court did not abuse its discretion in denying Carol's motion for enforcement, which sought enforcement only by contempt.[9]  Carol's sole issue is overruled.

We affirm the trial court's judgment.[10]


/s/    Martha Hill Jamison
Justice


Panel consists of Justices Jamison, Busby, and Brown.

---

valid.  Chapter 154 contains no definition for "child support."  Family Code section 101.003(b) states that "[i]n the context of child support, 'child' includes a person over 18 years of age for whom a person may be obligated to pay child support."  Tex. Fam. Code § 101.003(b).  That definition applies to all of Title 5, including section 154.124.  *Id*. § 101.001(a).  Perhaps more importantly, the Texas Supreme Court has previously interpreted section 154.124, or its predecessor statute, as applying in the context of agreed child support past the age of eighteen and graduation from high school.  *See, e.g., Bruni*, 924 S.W.2d at 367-68 (applying the requirements of prior section 14.06(d) to an agreement concerning support for nondisabled children over eighteen); *Elfeldt*, 730 S.W.2d at 658 (same).  It would not have done so if it agreed with the Dallas court's definition.

[9] Carol's request for enforcement of the medical support provisions was also denied properly by the trial court because, by their own terms, those provisions did not provide for support past D.B.J.'s birthday and graduation.  Specifically, Stephen and Carol were both ordered to provide medical support for D.B.J. "as additional child support for as long as the Court may order [them] to provide support for the child under sections 154.001 and 154.002 of the Texas Family Code."  As explained above, these sections only authorize support for a nondisabled child until his or her eighteenth birthday or graduation from high school, whichever comes later.  Tex. Fam. Code §§ 154.001–.002.  Carol does not seek recovery in this lawsuit for any sums due for periods prior to D.B.J.'s eighteenth birthday and graduation.

[10] Because such issues are not before us, we take no position in this opinion regarding whether Carol could properly seek to enforce the support agreement through other means of enforcement provided in the Family Code, *see supra* n.5, or through a breach of contract cause of action.  We do note, however, with some concern, that this issue is not entirely clear given the current state of the law.