**BARROW, WADE, GUTHRIE & CO. et al.
v. STROUD et ux.**

No. 2066.

Court of Civil Appeals of Texas. Waco.

Feb. 9, 1939.

Vinson, Elkins, Weems & Francis, of Houston, for appellants.

A. M. Blackmon, of Groesbeck, for appellees.

ALEXANDER, Justice.

This is a suit in the nature of a bill of review to set aside a judgment of dismissal entered at a prior term of court. The trial court sustained a general demurrer to the bill and dismissed the suit. The plaintiffs appealed.

Barrow, Wade, Guthrie & Company filed the original suit in the district court of Limestone county on July 1, 1931, against J. R. Stroud and wife to recover a fee of $7500, alleged to be due plaintiffs as accountants for having successfully resisted a claim of the Federal Government against the Strouds for additional income tax in the sum of approximately $110,000. The original suit was dismissed on the 5th day of December, 1932, and the plaintiffs in that suit filed this suit on July 1, 1933, to have the judgment of dismissal set aside and to recover their debt as originally prayed for. The bill set out the facts showing a good cause of action to recover the debt, and further alleged, in substance, that shortly after the original suit was filed on July 1, 1931, the defendants' son-in-law and agent approached plaintiffs' agent and opened negotiations for a settlement of the suit and represented to plaintiffs that defendants desired the suit to be held in abeyance pending negotiations for settlement; that on September 23, 1931, plaintiffs' agent wrote the defendants' agent that in accordance with their agreement he had instructed plaintiffs' attorneys to take no further action in the trial of the case pending negotiations for settlement; that about the same time plaintiffs' counsel, who lived in the city of Houston, wrote the clerk of the trial court and advised her that a tentative approach for settlement of the suit had been made and requested the clerk to so advise the trial judge and to request that the case be not set pending negotiation for settlement; that the clerk reported that she had taken the matter up with the trial judge and the case had not been set for trial but had been left open as request-

ed; that the above facts were communicated to counsel for defendants; that thereafter one of the attorneys for the defendants visited the city of Houston, called at the office of the attorneys for plaintiffs and discussed the matter of settling the case, and it was then agreed that no steps would be taken by plaintiffs for the trial of the case until they had heard from counsel for defendants' as to whether or not the settlement would go through; that on March 4, 1932, plaintiffs' attorneys wrote the clerk of the trial court that they were still hopeful that the case could be settled without trial, that they were very busy in the trial of some other matters at that time and requested the clerk to advise the trial judge that at an early date counsel for plaintiffs would communicate with counsel for the defendants and arrange, if possible, an agreeable date for trial in the event settlement did not go through; that the plaintiffs and their attorneys relied on the agreements previously made with the defendants and their attorneys and refrained from bringing the case to trial because thereof; that on the 5th day of December, 1932, one of the attorneys for the defendants, who is not now connected with the case, fraudulently caused the suit to be dismissed, in violation of the terms of said agreement, or, in the alternative, that dismissal of said suit was had as the result of mistake on the part of the attorneys for the defendants; that on June 22, 1933, the attorneys for the plaintiffs wrote the clerk of the trial court, requesting that the case be set for trial, and two days thereafter received advice from the clerk for the first time that the suit had been dismissed. Plaintiffs immediately filed this bill of review to have the judgment of dismissal set aside.

 An application to set aside a default judgment entered at a previous term of court must show not only a meritorious cause of action or defense, but that the complaining party was prevented from appearing and presenting his cause of action or defense through fraud, accident or mistake wholly unmixed with any negligence on his part. 25 Tex.Jur. 632, 661; Humphrey v. Harrell, Tex.Com.App., 29 S.W.2d 963; Harding v. W. L. Pearson & Co., Tex.Com.App., 48 S.W.2d 964; Sedgwick v. Kirby Lbr. Co., 130 Tex. 163, 107 S.W.2d 358. However, in passing on the sufficiency of such an application, the allegations therein contained must be accepted as true except insofar as they are in conflict with the facts disclosed by the record in the original cause which has been brought up with the appeal and of which the trial court could properly take notice. In other words, in passing on a general demurrer to the application, the general rule prevails in favor of the sufficiency of the application and of the truth of the matters therein alleged except that the court may take into consideration the record in the original cause, and if any fact averred in the application is inconsistent with or contradictory of such record, such allegation will be given no effect in determining the legal sufficiency of the bill. Snow v. Cook, Tex.Civ.App., 278 S.W. 520; Griffith v. Tipps, Tex.Civ.App., 69 S.W.2d 846; Davis v. Donalson, Tex.Civ.App., 91 S.W.2d 763; Carr v. Cleveland, Tex.Civ.App., 86 S.W.2d 858.

 The facts set out in the application under consideration, if accepted as true, are sufficient to entitle the plaintiffs to the equitable relief prayed for. Loftus v. Beckmann, Tex.Com.App., 1 S.W.2d 268. The judgment of the trial court sustaining the general demurrer to the petition recites that the court "having further considered the acts and conduct of plaintiff in failing to take any action with reference to its original suit until more than six months after said cause had been dismissed on court's own motion for want of prosecution, which acts and conduct on the part of the plaintiffs constitute a part of the record of said cause, and of which this court now here takes cognizance, is of the opinion * * *" that the judgment of dismissal was due to the negligence of plaintiffs and that the general demurrer should be sustained. Based on the foregoing recitals, counsel for appellees contends that "the record" in the original cause, of which the trial court had a right to take judicial knowledge, so contradicted the allegations in the petition as to render it subject to a general demurrer. The record in the original cause is not before us and therefore we can not give any consideration thereto. Andrade v. Donnelly, Tex.Civ.App., 70 S.W.2d 256, par. 4. We are not otherwise enlightened as to what fact, if any, was shown by the record which, in the opinion of the trial court, so contradicted the allegations of the petition as to render same subject to a general demurrer, except the recitation in the judgment herein that plaintiff failed "to take any action with reference to its original

suit until more than six months after said cause had been dismissed on the court's own motion for want of ' prosecution * * *." The petition for review admitted these facts but alleged other facts that are in no wise contradicted by the record, which, if accepted as true, satisfactorily accounted for plaintiffs' failure to bring the case to trial and for the failure to sooner discover that the judgment of dismissal had been entered. The mere fact that plaintiffs failed to request a trial of the case for a period of approximately two years after it had been filed does not as a matter of law establish negligence on their part. Loftus v. Beckmann, Tex.Com. App., 1 S.W.2d 268. Their conduct in this respect must be considered in connection with the agreements with the defendants for postponement of the case and the tacit consent of the trial court thereto, together with the other surrounding facts and circumstances. Consequently, the trial court was in error in holding that the record so contradicted the petition for review as to render it subject to a general demurrer.

Counsel for appellees calls attention to the fact that the trial judge who sustained the general demurrer to the bill of review in 1937 is the same judge who presided over the court when the original suit was dismissed in 1932 and intimates that other facts may have occurred in the presence of the court while the original suit was pending, which, if accepted as true, were sufficient to defeat the bill of review, and that the trial court had a right to take such facts into consideration in passing on the demurrer to the bill of review. We cannot accede to this theory. In passing on the sufficiency of such an application, the court has a right to take into consideration such facts as are shown by the record but we do not think the trial judge would have a right to take into consideration some incident that occurred in his presence at a previous term of court in the original suit and not shown by the record. Such a rule would set a dangerous precedent. In view of the usual presumption in favor of the validity of a judgment, if such a rule prevailed, it would always be presumed that the trial judge knew some fact not disclosed by the record which was sufficient to sustain the judgment. It would therefore be impossible to secure a reversal of a judgment sustaining a general demurrer to such a petition, because the complaining party would be unable to show that the trial judge did not know of some fact justifying his ruling. The disposition of property rights would be dependent entirely on matters concealed within the secret recesses of the bosom of the court without any method of requiring a disclosure so that the sufficiency thereof could be passed on by the reviewing court. Such a rule would be inconsistent with a public trial as contemplated by our judicial system.

We have carefully considered the record before us and have reached the conclusion that the trial court was in error in sustaining the general demurrer to the petition. The judgment of the trial court is reversed and the cause is remanded for a new trial.