**Bonnie Jean CASTLE, Appellant,**

v.

**Leonard F. HARRIS, Appellee.**

No. 13–96–216–CV.

Court of Appeals of Texas,
Corpus Christi.

Oct. 9, 1997.

Roy C. Turcotte, County Atty., Sarita, for Appellant.

Jaime E. Carrillo, Carrillo Law Office, Kingsville, for Appellee.

Before SEERDEN, C.J., and FEDERICO G. HINOJOSA, Jr. and CHAVEZ, JJ.

## OPINION

CHAVEZ, Justice.

Appellant complains of the trial court's failure to award prejudgment interest pursuant to section 157.265(a) of the Texas Family Code.[1] We reverse and remand for further proceedings to determine the amount of prejudgment interest due and owing appellant, following which the trial court shall enter judgment consistent with this opinion.

### Facts

Appellant and appellee were divorced on February 26, 1986, and the Decree of Divorce obligated appellee to pay child support. Appellant filed her first Motion to Modify on August 24, 1995, seeking, *inter alia*, judgment against appellee for "child support unpaid and owing." Appellant's Amended Motion to Modify was filed on January 5, 1996; the material difference between appellant's motions was that the amended motion augmented her allegation as to the amount of unpaid child support. The amended motion was heard on February 2, 1996.

At the hearing, the parties stipulated to the amount of the total arrearage.[2] The only contested fact issue was the amount of offset to which appellee would be entitled. On March 19, 1996, the trial court entered its order, granting judgment to appellant for the arrearage, which award included postjudgment interest, but not prejudgment interest. On April 18, 1996, the trial court issued its Findings of Fact and Conclusions of Law, concluding that "the Texas Family Code does not authorize 'prejudgment' interest on past due child support (arrearages) not previously confirmed nor reduced to a cumulative money judgment." This appeal ensued in two points of error.

Appellant's first point of error complains of the trial court's legal conclusion that prejudgment interest was not authorized under the Texas Family Code. The crux of appellee's argument responsive to the first point of error is premised on section

---

1. Interest accrues on delinquent child support at the rate of 12 percent simple interest per year from the date the support is delinquent until the date the support is paid or the arrearages are confirmed and reduced to money judgment. TEX. FAM.CODE ANN. § 157.265(a) (Vernon 1996). Interest accrues on child support arrearages that have been confirmed and reduced to money judgment as provided by Chapter 157, Subchapter F, Texas Family Code, at the rate of 12 percent simple interest per year from the date the order is rendered until the date the judgment is paid. TEX. FAM.CODE ANN. § 157.265(b) (Vernon 1996). Interest accrues on a money judgment for retroactive or lump-sum child support (pursuant to Chapter 154, Texas Family Code) at the annual rate of 12 percent simple interest from the date the order is rendered until the judgment is paid. TEX. FAM.CODE ANN. § 157.265(c) (Vernon 1996). Throughout the opinion, our general references to section 157.265 should be construed to embrace its predecessors.

2. Accordingly, we determine that liability issues were not contested. *See generally* TEX.R.APP. P. 81(b)(1).

154.122(b), Texas Family Code. Appellee contends that the trial court has discretion to deviate from the child support guidelines set forth in Subchapter C ("Child Support Guidelines"), Chapter 154 ("Court–Ordered Child Support"), Texas Family Code.[3] *See* TEX. FAM.CODE. ANN. § 154.122(b) (Vernon 1996) ("A court may determine that the application of the guidelines would be unjust or inappropriate under the circumstances.").

■ The second point of error complains of the trial court's failure to accept the pre-judgment interest calculation proffered by appellant, which was proffered as argument (*i.e.,* not as evidence). As the second point of error has no evidentiary foundation, we determine the first point of error to be controlling.[4]

### Standard of review

The test for abuse of discretion is whether the court acted without reference to any guiding rules or principles, or whether the complained-of act was arbitrary and unreasonable. *See Holt v. Reproductive Services, Inc.,* 946 S.W.2d 602, 604 (Tex.App.—Corpus Christi 1997, n.w.h.). An abuse of discretion may be found where the trial court acts arbitrarily and unreasonably, without reference to guiding rules or principles, or misap-

3. Be that as it may, section 154.122 does not affect the computation of interest pursuant to Subchapter F ("Judgment and Interest"), Chapter 157 ("Enforcement"), Texas Family Code, regarding *delinquent* support obligations. Section 154.122(b) is inapposite to our analysis of section 157.265.

4. Our determination that no evidence supports the second point of error is based on the following exchange, which began during the evidentiary phase of the hearing, and is the only juncture at which the issue of the amount of prejudgment interest was addressed:

**The Court:** Do you have any other witnesses please Mr. Carrillo [counsel for appellee]?
**Mr. Carrillo:** No, your honor.
**The Court:** Do you rest?
**Mr. Carrillo:** I rest.
**The Court:** Do you have a rebuttal now Mr. Turcotte [counsel for appellant]?
**Mr. Turcotte:** Your honor, I want to put on some evidence of the calculations of the interest that would have accrued on the past due child support. *The best way to do that, I think, if counsel would allow me to address that in a form of argument.* [Emphasis added.]

plies the law to the facts of the case. *See Marroquin v. D & N Funding, Inc.,* 943 S.W.2d 112, 114 (Tex.App.—Corpus Christi 1997, n.w.h.). A clear failure by a trial court to analyze or apply the law correctly constitutes an abuse of discretion. *McDaniel v. Yarbrough,* 898 S.W.2d 251, 253 (Tex.1995). We may reverse the trial court for abuse of discretion if, after searching the record, it is clear that the trial court's decision was arbitrary and unreasonable. *See Simon v. York Crane & Rigging Co., Inc.,* 739 S.W.2d 793, 795 (Tex.1987).

### Prejudgment interest on child support

Effective September 1, 1991, section 14.34 [5] ("ACCRUAL OF PREJUDGMENT INTEREST ON CHILD SUPPORT") was added to the Texas Family Code, allowing prejudgment interest to accrue on unpaid child support obligations "at the rate of ten percent a year computed monthly." Act of June 16, 1991, 72d Leg., R.S., ch. 467 §§ 1,6, 1991 Tex. Gen. Laws 1693, 1695. Section 14.34 was amended at the next regular session of the legislature, such amendment becoming effective September 1, 1993, to allow such interest "at the rate of 12 percent simple interest per year from the date the support is delinquent until the date the support is

**The Court:** I don't think it's a matter of law calculation type thing now so if you have any evidentiary witness?
**Mr. Turcotte:** No. *We have no evidence, Your Honor.* [Emphasis added.]
**The Court:** Alright. So I close testimony. Ok, I'll entertain your summation now Mr. Turcotte please.
**Mr. Turcotte:** I'd like to address initially the interest that accrues on child support payments. Addressing the matters of what I believe to be law.... *I ran a tape on the matter and my interest calculations indicate that there is $9,634.00 in interest that has accrued on the arrearage.* ... [Emphasis added.]
Appellant does not contend that the amount of prejudgment interest was established as a matter of law. Rather, she states only that "[t]he transcript reflects $9,634.00 prejudgment interest."

5. Effective April 20, 1995, section 14.34 was repealed and, as modified, was recodified at section 157.265 of the Texas Family Code. Act of April 20, 1995, 74th Leg., R.S., ch. 20 §§ 1–2, 1995 Tex. Gen. Laws 113, 184, 282.

paid, regardless of whether the amount ... has been reduced to judgment...." Act of May 15, 1993, 73d Leg., R.S., ch. 150 §§ 1,3, 1993 Tex. Gen. Laws 302. Section 14.34 was then repealed at the following regular legislative session. Act of April 20, 1995, 74th Leg., R.S., ch. 20 § 2, 1995 Tex. Gen. Laws 113, 282.

Effective April 20, 1995, former section 14.34 was supplanted by the new section 157.265 ("ACCRUAL OF INTEREST ON DELINQUENT CHILD SUPPORT"), providing prejudgment interest on delinquent support—regardless of whether the debt was reduced to judgment—"at the rate of 12 percent simple interest per year," and postjudgment interest at the same rate for Chapter 157, Subchapter F, Texas Family Code, judgments. Act of April 20, 1995, 74th Leg., R.S., ch. 20 §§ 1, 4, 1995 Tex. Gen. Laws 113, 184, 282. Section 157.265(a) provides for prejudgment interest, and section 157.265(b) provides for postjudgment interest on Chapter 157, Subchapter F, Texas Family Code, judgments. See TEX. FAM.CODE ANN. § 157.265(a),(b) (Vernon 1996). Later in the same legislative session, section 157.265 was amended, effective September 1, 1995, to add a section further allowing postjudgment interest "at the annual rate of 12 percent simple interest" on judgments pursuant to Chapter 154, Texas Family Code. Act of June 16, 1995, 74th Leg., R.S., ch. 751 §§ 53, 129, 1995 Tex. Gen. Laws 3888, 3907, 3933 (current version at TEX. FAM.CODE ANN. § 157.265(c) (Vernon 1996)).

Section 157.265 therefore provides interest as follows:

| | |
|---|---|
| prejudgment | 12% annually |
| postjudgment on Chapter 157, Subchapter F, Texas Family Code, judgments | 12% annually |
| postjudgment on Chapter 154, Texas Family Code, judgments | 12% annually |

These amounts are explicitly provided in the statute. See TEX. FAM.CODE ANN. § 157.265 (Vernon 1996).

### Statutory construction

Because the record indicates that the trial court was uncertain as to the proper application of section 157.265 of the Texas Family Code, we consider the construction aids set forth in Chapter 311 of the Texas Government Code.

"In enacting a statute, it is presumed that: *(2) the entire statute is intended to be effective; ....*[Emphasis added.]" TEX. GOV'T CODE ANN. § 311.021 (Vernon 1988) ("Intention in Enactment of Statutes"). Pursuant to section 311.021, courts must presume that all parts of a statute were meant to have some effect. See, e.g., *Hermosillo v. State*, 903 S.W.2d 60, 69 (Tex.App.—Fort Worth 1995, pet. ref'd); *Industrial Acc. Bd. v. Martinez*, 836 S.W.2d 330, 333 (Tex.App.—Houston [14th Dist.] 1992, no writ) (noting that "it is presumed in interpreting a statute that the entire statute is intended to be effective").

We also note that a statute is presumed to be prospective in its operation unless expressly made retrospective. TEX. GOV'T CODE ANN. § 311.022 (Vernon 1988) ("Prospective Operation of Statutes").

Finally, we note that, "[i]n construing a statute, whether or not the statute is considered ambiguous on its face, a court may consider among other matters the: ... (3) legislative history; (4) common law or former statutory provisions, including laws on the same or similar subjects; ... (6) administrative construction of the statute; and (7) the ... emergency provision." TEX. GOV'T CODE ANN. § 311.023 (Vernon 1988) ("Statute Construction Aids"); *see also* TEX. GOV'T CODE ANN. § 312.005 (Vernon 1988) ("In interpreting a statute, a court shall diligently attempt to ascertain legislative intent and shall consider at all times the old law, the evil, and the remedy.").

### Discussion

■ Prior to the enactment of former section 14.34 of the Family Code, Texas common law favored the award of prejudgment interest on awards for delinquent child support. *Medrano v. Medrano*, 810 S.W.2d 426, 428 (Tex.App.—San Antonio 1991, no writ); *see also Saums v. Synoground*, 605 S.W.2d 373, 375 (Tex.Civ.App.—El Paso 1980, no writ). The rationale for this view is that prejudgment interest is, generally, recoverable as a matter of right where an ascertainable sum of money is determined to have been due and payable at a date certain prior to judgment.

*Medrano,* 810 S.W.2d at 428. The trial court, therefore, lacks discretion to increase or reduce the amount of prejudgment interest. *Id.*

The 1991 enactment of section 14.34 codified the foregoing principle. *See* Act of June 16, 1991, 72d Leg., R.S., ch. 467 § 1, 1991 Tex. Gen. Laws 1693. Subsequent amendment and recodification have increased the applicable rate of interest, preserving intact the underlying theme that prejudgment interest is recoverable for awards of delinquent child support. *See* Act of May 15, 1993, 73d Leg., R.S., ch. 150 § 1, 1993 Tex. Gen. Laws 302; Act of April 20, 1995, 74th Leg., R.S., ch. 20 § 1, 1995 Tex. Gen. Laws at 184; Act of June 16, 1995, 74th Leg., R.S., ch. 751 § 53, 1995 Tex. Gen. Laws at 3907; *see also,* HOUSE RESEARCH ORGANIZATION, DAILY FLOOR REPORT, March 20, 1995, BILL DIGEST, Tex. H.B. 655, 74th Leg., R.S. (1995) ("HB 655 proposes a *nonsubstantive* recodification of the Family Code...." [Emphasis added.] ). The family law policy regarding prejudgment interest accords with the general rule concerning prejudgment interest. *See generally Bituminous Cas. Corp. v. Vacuum Tanks, Inc.,* 75 F.3d 1048, 1057 (5th Cir.1996) (noting that, under Texas law, prejudgment interest should be granted to the prevailing plaintiff in all but exceptional circumstances); *Richter, S.A. v. Bank of Am. Nat. Trust and Sav. Ass'n,* 939 F.2d 1176, 1197 (5th Cir. 1991).

The recodification of Texas Family Code, section 157.265, became effective on the date of its approval. Act of April 20, 1995, 74th Leg., R.S., ch. 20 § 4, 1995 Tex. Gen. Laws at 282. We consider this evidentiary of the weight accorded by the legislature to the act creating this and other provisions of the Texas Family Code.

Mindful that Texas Government Code, section 311.021, requires us to presume that the legislature intended all parts of Texas Family Code, section 157.265, to be effective, we have examined the relevant construction aids in our resolution of this case. Nothing rebuts the presumption of Texas Government Code, section 311.021. The trial court misapplied the law to the facts of this case; therefore, an abuse of discretion occurred. The first point of error is sustained.

 The trial court's error relating to the award of prejudgment interest has resulted in the rendition of an improper judgment in the instant case. However, since liability was not contested in the proceeding below, retrial of the entire matter is not warranted. TEX.R.APP. P. 44.1(b). The judgment of the trial court is REVERSED and REMANDED for further proceedings to determine the amount of prejudgment interest due and owing appellant, following which the trial court shall enter judgment consistent with this opinion.