**Affirmed and Opinion Filed February 20, 2014**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-12-00776-CV

### IN THE INTEREST OF W.R.B. AND B.K.B., CHILDREN

**On Appeal from the 256th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. 96-12454-Z**

## MEMORANDUM OPINION

Before Justices Francis, Lang-Miers, and Lewis
Opinion by Justice Francis

Christy Gaston Bass appeals the trial court's order on her second amended petition for enforcement of child support. In six issues, Christy claims the trial court erred by (1) denying her claim for reimbursement for post-majority expenses, (2) awarding only 10% of the total amount of reimbursement she sought, (3) allowing Russell King Bass to make monthly payments, (4) refusing to award prejudgment interest, (5) awarding simple interest on the judgment, and (6) awarding only $5,000 in attorney's fees. We affirm.

Christy and Russell, parents of two boys, were divorced in July 1997. After Christy filed a petition to modify, the trial court entered an agreed order in June 2004 regarding the parent-child relationship. The agreed order provides, in relevant part,

> IT IS ORDERED AND DECREED that each parent will pay fifty percent of the following expenses associated with the children:
>
> (a) Tuition and other expenses billed with the tuition such as school lunches, activity fees, tuition insurance and similar charges at St.

Michaels/Episcopal School of Dallas or any other private school mutually agreed upon by the parties;

(b) Any tutoring expenses agreed to in advance by both parties;

(c) Summer camp fees or other camps as agreed to in advance by both parties but excluding any equipment expenses;

(d) Educational and/or recreational trips for the children sponsored by school, church or other organizations including air transportation and hotel expenses as agreed to in advance by the parties but excluding any clothing purchased by either party for the trip or other incidental charges;

(e) Educational testing agreed to in advance by both parties;

(f) As each child reaches the age of sixteen:

    (i) A car insurance policy including comprehensive liability and collision coverage; and,

    (ii) A vehicle agreed upon by the parties shall be purchased for the exclusive use of the child. Title to the vehicle and ownership of the insurance policy on [WRB]'s car shall be held in [Christy's] name. Title to the vehicle and ownership of the insurance policy on [BKB]'s car shall be held in [Russell's] name. The fact that title or insurance is held in the name of one party shall not relieve the other party from their obligation to pay the expense pursuant to this subsection (e);

(g) College expenses including, but not limited to, tuition, books, room and board, and reasonable fraternity expenses. The obligation for tuition expenses shall not be greater than fees listed in the student's handbook for the institution which charges the highest amount for tuition in the public university system in the State of Texas;

(h) Each party shall maintain at least $500,000 of life insurance for the benefit of the children with the other party named as irrevocable beneficiary and trustee for the benefit of the children to be maintained until the younger child has graduated from college.

The parties agree that before each child reaches the age of sixteen, they shall confer to determine options for automobile insurance coverage.

The agreed order states the party owing reimbursement of expenses shall pay the other parent "within 10 days of being billed" for the expenses or "within 10 days of receiving a written request for reimbursement including documentation and receipts." It also provides that the failure to obey a court order for child support, possession, or access to a child could result in

–2–

"further litigation to enforce the order, including contempt of court." Nothing in the agreed order states how post-majority expenses are to be enforced. Although it states "the parties have entered into an agreement regarding the requested modification," the agreed order does not incorporate any written agreement of the parties, nor does it refer to a mediated settlement agreement.

Both boys turned 18 years old while still in high school; W.R.B. graduated in May 2009, and B.K.B. graduated in May 2011. On June 29, 2011, Christy filed her first amended petition for enforcement of child support order in which she alleged Russell had violated the agreed order by failing to reimburse her for expenses. Christy requested civil and criminal contempt as well as a judgment of $118,296.92 for arrearages. Russell answered and filed special exceptions and a motion to dismiss. After the trial court granted certain special exceptions, Christy filed her second amended petition asking that the trial court confirm the amounts owed by Russell and grant Christy "a judgment of all amounts owed for expenses due" for both child support and post-majority expenses paid. The trial court denied Christy's claims for all post-majority obligations but ordered $11,777.92 for child support arrearages as well as $5,000 for attorney's fees and costs and postjudgment interest of six percent. Finally, the trial court ordered Russell to pay Christy $1,400 per month until the judgment is paid in full.

In her first issue, Christy claims the trial court erred by refusing to award her reimbursement for post-majority expenses spent on the two boys after their graduation from high school because the "trial court had no discretion but to enforce the Agreed Order" unless the judgment was void. She challenges the trial court's conclusions that (1) Christy had no recognizable claim regarding post-majority support because the trial court had no authority to order or enforce it, and (2) the relief requested is not supported by statute or case law. Christy does not challenge the trial court's findings of fact on this issue.

Most appealable issues in a family law case, including a trial court's ruling on child support arrearages, are reviewed under an abuse of discretion standard. *Beck v. Walker*, 154 S.W.3d 895, 901 (Tex. App.—Dallas 2005, no pet.). A trial court's judgment is reversed only when it appears from the record as a whole that the trial court abused its discretion. *Worford v. Stamper*, 801 S.W.2d 108, 109 (Tex. 1990). A trial court abuses its discretion as to factual matters when it acts unreasonably or arbitrarily. *Beck*, 154 S.W.3d at 901. A trial court abuses its discretion as to legal matters when it acts without reference to any guiding principles. *Id*. at 901–02 (citing *Walker v. Packer*, 827 S.W.2d 833, 840 (Tex. 1992)).

In a nonjury trial, we review the trial court's fact findings under the same standards applied when reviewing the legal and factual sufficiency of the evidence to support a jury's finding. *Ortiz v. Jones*, 917 S.W.2d 770, 772 (Tex. 1996) (per curiam); *Zagorski v. Zagorski*, 116 S.W.3d 309, 314 (Tex. App.—Houston [14th Dist.] 2003, pet. denied) (op. on reh'g). In family law cases, the traditional sufficiency standard of review overlaps with the abuse of discretion standard of review; therefore, legal and factual insufficiency are not independent grounds of error but are relevant factors in our assessment of whether the trial court abused its discretion. *Moroch v. Collins*, 174 S.W.3d 849, 857 (Tex. App.—Dallas 2005, pet. denied). To determine whether there has been an abuse of discretion because the evidence is legally or factually insufficient to support the trial court's decision, we use a two-pronged inquiry: (i) did the trial court have sufficient evidence upon which to exercise its discretion, and (ii) did the trial court err in its application of that discretion. *Id*. The applicable sufficiency review comes into play with regard to the first question. *Id*. We then determine whether, based on the elicited evidence, the trial court made a reasonable decision. *Id*.

With certain exceptions not relevant here, a court may order either or both parents to support a child only until the child is 18 years of age or has graduated from high school,

whichever occurs later. TEX. FAM. CODE ANN. §§ 154.001, .002 (West Supp. 2013); *Bruni v. Bruni*, 924 S.W.2d 366, 367 (Tex. 1996). Unless otherwise agreed to in writing or expressly provided in the order, the child support order terminates on removal of the child's disabilities for general purposes, the marriage or death of a child, or a finding by a court that the child is 18 years of age or older and is no longer enrolled in high school or a high-school equivalent program. TEX. FAM. CODE ANN. § 154.006; *see Elfeldt v. Elfeldt*, 730 S.W.2d 657, 658 (Tex. 1987) (per curiam) (stating court of continuing jurisdiction has no authority to order or to enforce support for non-disabled child over 18). While the family code prohibits court-ordered child support once a child reaches the age of majority, the parties may agree to continued support of a child over 18 years of age. *Bruni*, 924 S.W.2d at 367; *Elfeldt*, 730 S.W.2d at 658. If the parties agree to post-majority support, such an agreement is "enforceable as a contract only if their agreement so provides." *Bruni*, 924 S.W.2d at 367; *Elfeldt*, 730 S.W.2d at 658; *see Ex parte Hall*, 854 S.W.2d 656, 656 (Tex. 1993) (explaining that order to pay spousal and support of adult children based on contractual obligation is enforceable by contempt only to extent "support awarded is also authorized by the Texas Family Code and Constitution.").

In this case, the trial court's June 17, 2004 agreed order states the parties "have entered into an agreement" and orders the parties each to pay fifty percent of the college expenses, which presumably accrued after each boy graduated from high school. While it did not have authority to order or enforce post-majority support generally, the trial court in this case had the authority to include post-majority expenses in the order because the parties entered into an agreement about them. *See In re M.E.M.*, No. 09-11-00657-CV, 2013 WL 772837, at *4 (Tex. App.—Beaumont Feb. 28, 2013, no pet.) (mem. op.) (concluding college tuition provision of agreed divorce decree could not have been ordered without agreement of parties). And because the parties agreed, the

post-majority support is enforceable as a contract to the extent the agreement so provides. *See Bruni*, 924 S.W.2d at 367; *Elfeldt*, 730 S.W.2d at 658.

Christy, however, did not attempt to enforce the agreement as a contract. In her pleadings and on appeal, Christy maintains she "did not ask the trial court for relief in a breach of contract action and none of her pleadings have ever requested such relief." In fact, she argues she could not bring a breach of contract action because section 154.124(c) specifically prohibits enforcing an agreement as a contract. We disagree.

Sections 154.124(a) and (c) provide

(a)   To promote the amicable settlement of disputes between the parties to a suit, the parties may enter into a written agreement containing provisions for support of the child and for modification of the agreement, including variations from the child support guidelines provided by Subchapter C.

\*                           \*                           \*

(c)   Terms of the agreement pertaining to *child support* in the order may be enforced by all remedies available for enforcement of a judgment, including contempt, but are not enforceable as a contract.

TEX. FAM. CODE ANN. §§ 154.124(a), (c) (West 2008) (emphasis added). While we agree that the plain language of this statute provides the parties may not enter into an agreement on child support and then subsequently attempt to enforce it as a contract, post-majority support is not child support. Child support, by definition, applies only to a child under the age of 18 years who has not yet graduated from high school or a high-school equivalent program. *See id.* § 154.001(a). In contrast, post-majority support applies only to a non-disabled child who is 18 years of age or older and is no longer enrolled in high school or a high-school equivalent program. *See id.* §§ 154.001(a), .002(a), .006(a). Section 154.124(c) does not prohibit the parties from entering into an agreement addressing post-majority support and enforcing it as a contract. *See id.* § 154.124(c). In fact, as previously noted, a trial court may not order or enforce post-majority support without an agreement by the parties. *Bruni*, 924 S.W.2d at 367; *Elfeldt*,

–6–

730 S.W.2d at 658. Because she did not seek contractual relief on the post-majority support issue, the trial court had no authority to order reimbursement of post-majority support. Therefore, the trial court did not err by denying Christy's request for reimbursement of post-majority expenses. We overrule Christy's first issue.

In her second issue, Christy claims the trial court abused its discretion by denying her request for $118,121.24 in reimbursement for amounts spent on her two sons. Specifically, Christy argues Russell should have been ordered to reimburse her for these expenses, including post-majority support, from 2004 until 2011.

At trial, Christy did not segregate child support expenses from those expenses involving post-majority support. Likewise, in her argument and briefing on appeal, Christy does not distinguish between expenses she paid before her sons graduated from high school versus those she paid after. Rather, her argument is necessarily premised on her belief that she was entitled to all expenses, including those that accrued after the boys graduated from high school. We have concluded she was not entitled to post-majority expenses under the circumstances of this case; therefore, Christy was required to provide an analysis of the specific, non-post-majority child support to which she was entitled in order to show reversible error. Although Christy provided a thirteen-page summary by general category (insurance, tutoring, educational testing) detailing the 750 line items she believes should be reimbursed by Russell, she did not provide any breakdown of the child support expenses, specifically excluding post-majority support, for which she claimed she was entitled to reimbursement. As a result, Christy has failed to show reversible error. *See Dallas Indep. Sch. Dist. v. Finlan*, 27 S.W.3d 220, 237 (Tex. App.—Dallas 2000, pet. denied) (appellate court has no duty to search voluminous record without guidance from appellant to determine whether assertion of reversible error is valid).

Even if we were to address her complaint, we note the expenses Christy presented for reimbursement that were denied by the trial court either required advance agreement by both parties or were expenses related to school but not "billed with the tuition." The agreed order specifically states each parent would pay fifty percent of "Tuition and other expenses billed with the tuition such as school lunches, activity fees, tuition insurance and similar charges at St. Michaels/Episcopal School of Dallas or any other private school mutually agreed upon by the parties." During cross-examination, Christy conceded many expenses incurred by the boys at school were not billed with the tuition. Because the agreed order specifically stated "tuition and other expenses billed with the tuition," we cannot conclude the trial court abused its discretion in denying those expenses that were not billed with the tuition.

We reach a similar conclusion with respect to expenses requiring advance agreement. Although Christy said she "made demand for these various expenses," she did not present evidence that she sought advance agreement on them and, in fact, conceded she did not get Russell's agreement. Although she said they used to email and send spreadsheets back and forth after the expenses had been paid, it stopped "[a]bout 2005." Russell testified Christy did not contact him to discuss, and he did not agree to, numerous expenses including car insurance, purchasing a car for each son, car repairs, summer camp expenses, educational testing, and trip related expenses. Under these circumstances, we cannot conclude the trial court abused discretion in denying those expenses. We overrule Christy's second issue.

In her third issue, Christy claims the trial court had no discretion to reduce the arrearage amount or to allow Russell to make periodic payments. The trial court ordered Russell to pay $11,777.92 in arrearages, payable in monthly installments. To the extent Christy is arguing the trial court had no discretion but to award the full amount she pleaded, we disagree. Section 157.263 provides the trial court "shall confirm the amount of arrearages and render a cumulative

money judgment." TEX. FAM. CODE ANN. § 157.263(a) (West Supp. 2013). A trial court may not simply render whatever dollar amount a party sets out in her pleading; rather, the trial court must verify the amount. *See id.* Having previously determined the trial court did not abuse its discretion in awarding $11,777.92, we decline to revisit this issue further.

To the extent Christy claims the trial court abused its discretion by allowing Russell to pay month installments of his arrearages, she cites no authority for her complaint. Moreover, other courts have concluded the trial court has discretion to order periodic payments of past due arrearages. *See In re M.C.R.*, 55 S.W.3d 104, 109 (Tex. App.—San Antonio 2001, no pet.) (concluding court may exercise discretion by determining amount of monthly payment of arrearages once total amount is confirmed); *In re M.E.G.*, 48 S.W.3d 204, 210–11 (Tex. App.—Corpus Christi 2000, no pet.) (holding trial court did not abuse discretion by reducing child support arrearage to periodic payments). We likewise conclude the trial court had discretion to order periodic payments and overrule Christy's third issue.

In her fourth issue, Christy contends the trial court erred by failing to award prejudgment interest on the unpaid amounts. Texas Rule of Appellate Procedure 38.1 provides that an appellant's brief "must state concisely and without argument the facts pertinent to the issues or points presented" and be supported by record references. TEX. R. APP. P. 38.1(f). And the brief "must contain a succinct, clear, and accurate statement of the arguments made in the body of the brief" and "must contain a clear and concise argument for the contentions made, with appropriate citations to authorities and the record." TEX. R. APP. P. 38.1(g), (h). When a party fails to adequately brief a complaint, she waives the issue on appeal. *Devine v. Dallas Cnty.*, 130 S.W.3d 512, 513–14 (Tex. App.—Dallas 2004, no pet.).

We agree with Christy that, as a general rule, prejudgment interest is recoverable as a matter of right where an ascertainable sum of money is determined to have been due and payable

at a date certain prior to judgment. *In re M.C.R.*, 55 S.W.3d at 108; *Castle v. Harris*, 960 S.W.2d 140, 144 (Tex. App.—Corpus Christi 1997, no pet.). In her brief, Christy cites applicable law in support of her claim. However, she provides no application of the law to the facts of her case, nor does she point us to where in the record she established the facts necessary for the trial court to determine a prejudgment interest amount. Our review of the record shows that, with respect to the expenses she was awarded by the trial court, she presented no evidence of when she billed Russell or sent him a written request for reimbursement as required by the agreed order, nor did she establish when the amounts awarded were "delinquent" for purposes of calculating prejudgment interest. In fact, nowhere in the record of the hearing or in her motion to reconsider did she argue she was entitled to prejudgment interest. Under these circumstances, we conclude we need not address this issue. We overrule Christy's fourth issue.

In her fifth issue, Christy contends the trial court erred by awarding simple interest on the judgment, citing the Texas Finance Code. Section 304.006 of the finance code provides that postjudgment interest "on a judgment of a court in this state compounds annually." TEX. FIN. CODE ANN. § 304.006. In contrast, section 157.265 of the family code provides:

> [i]nterest accrues on a money judgment for retroactive or lump-sum child support at the annual rate of six percent simple interest from the date the order is rendered until the judgment is paid.

TEX. FAM. CODE ANN. § 157.265(c). When two statutes conflict and cannot be reconciled, the specific statute controls over the general one. *See* TEX. GOV'T CODE ANN. § 311.026(b); *Lexington Ins. Co. v. Strayhorn*, 209 S.W.3d 83, 86 (Tex. 2006). Because the family code provision specifically addresses money judgments for child support arrearages, we conclude it controls and the trial court did not err by ordering simple interest on the judgment. We overrule Christy's fifth issue.

–10–

In her final issue, Christy claims the trial court abused its discretion by awarding only $5,000 in attorney's fees when she sought $23,785.99. Under this issue, Christy argues family code section 157.167 makes an award of attorney's fees mandatory absent a finding of good cause not to make the award. She also claims the trial court abused its discretion by failing to award her appellate attorney's fees.

Section 157.167(a) of the family code provides for the payment of the movant's reasonable attorney's fees in addition to arrearages when the court finds that the respondent has failed to make child support payments. TEX. FAM. CODE ANN. § 157.167(a) (West 2008). The party seeking to recover attorney's fees has the burden of proof. *In re A.L.S.*, 338 S.W.3d 59, 69 (Tex. App.—Houston [14th Dist.] 2011, pet. denied). The question of the reasonableness of attorney's fees is a fact question to be determined by the trier of fact and must be supported by competent evidence. *Tull v. Tull*, 159 S.W.3d 758, 760 (Tex. App.—Dallas 2005, no pet.). To support a request for reasonable attorney's fees, testimony should be given regarding the hours spent on the case, the nature of preparation, complexity of the case, experience of the attorney, and the prevailing hourly rates. *Hardin v. Hardin*, 161 S.W.3d 14, 24 (Tex. App.—Houston [14th Dist.] 2004, no pet.). The trial court has broad discretion in awarding attorney's fees, particularly in child support cases. *See Beck*, 154 S.W.3d at 907; *In re A.S.G.*, 345 S.W.3d 443, 451 (Tex. App.—San Antonio 2011, no pet.).

At the hearing, Russell stipulated to Christy's attorney's credentials. Her trial counsel then offered, and the trial court admitted, a summary of expenses along with redacted billing statements, to support the $23,785.99 requested in attorney's fees. Whether these fees were reasonable, however, was a consideration left to the factfinder. Christy's counsel did not segregate attorney's fees and expenses associated with the post-majority claims from the fees relating to the reimbursements which were actually awarded. The trial court could have

concluded attorney's fees incurred in pursuit of unrecoverable claims, including those associated with expenses Russell did not agree to in advance, were not reasonable. Likewise, the trial court could have concluded a $10,000 award of appellate attorney's fees was not reasonable in light of the fact Christy recovered $11,777.92 of her $118,296.92 claim. Under the facts of this case, we cannot conclude the trial court abused its discretion in awarding only $5,000 in attorney's fees. We overrule Christy's final issue.

We affirm the trial court's judgment.

/Molly Francis/
MOLLY FRANCIS
120776F.P05                                    JUSTICE



## Court of Appeals
## Fifth District of Texas at Dallas

## JUDGMENT

IN THE INTEREST OF W.R.B. AND
B.K.B. CHILDREN,

No. 05-12-00776-CV

On Appeal from the 256th Judicial District
Court, Dallas County, Texas
Trial Court Cause No. 96-12454-Z.
Opinion delivered by Justice Francis,
Justices Lang-Miers and Lewis participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is **AFFIRMED**. It is **ORDERED** that Russell King Bass recover his costs of this appeal from Christy Gaston Bass.

Judgment entered this 20th day of February, 2014.

/Molly Francis/
MOLLY FRANCIS
JUSTICE