ACCEPTED
03-15-00386-CV
7820016
THIRD COURT OF APPEALS
AUSTIN, TEXAS
11/13/2015 12:42:31 PM
JEFFREY D. KYLE
CLERK

No. 03-15-00386-CV

IN THE COURT OF APPEALS
FOR THE THIRD DISTRICT OF TEXAS
AT AUSTIN

FILED IN
3rd COURT OF APPEALS
AUSTIN, TEXAS
11/13/2015 12:42:31 PM
JEFFREY D. KYLE
Clerk

HARRIS COUNTY HOSPITAL DISTRICT,
Appellant

v.

PUBLIC UTILITY COMMISSION OF TEXAS,
Appellee

Appealed from the 250th District Court
of Travis County, Texas
Trial Court Cause No. D-1-GN-09-002116

**APPELLANT'S REPLY BRIEF**

VINCE RYAN
Harris County Attorney

BRUCE S. POWERS
Assistant County Attorney
State Bar No. 16215500
1019 Congress, 15th Floor
Houston, Texas 77002
(713) 274-5144 (telephone)
(713) 755-8924 (facsimile)
bruce.powers@cao.hctx.net

ATTORNEY FOR APPELLANT

# **TABLE OF CONTENTS**

INDEX OF AUTHORITIES.................................................................................... iii

ARGUMENT .........................................................................................................1

PRAYER ...............................................................................................................7

CERTIFICATE OF COMPLIANCE......................................................................8

CERTIFICATE OF SERVICE ..............................................................................8

# INDEX OF AUTHORITIES

**CASES**                                                                                                 **page**

*Barrow, Wade, Guthrie & Co. v. Stroud*,
125 S.W.2d 365 (Tex. Civ. App.—Waco 1939, no writ)..............................................2

*Castle v. Harris*,
960 S.W.2d 140 (Tex. App.—Corpus Christi 1997, no pet.) ....................................5

*Jay Petroleum, L.L.C. v. EOG Resources, Inc.*,
332 S.W.3d 534 (Tex. App.—Houston [1st Dist.] 2009, pet. denied) .....................4

*Lopez v. Public Utility Comm'n of Texas*,
816 S.W.2d 776 (Tex. App.—Austin 1991, writ denied)..........................................6

*In re State*,
159 S.W.3d 203 (Tex. App.—Austin 2005, orig. proceeding)..................................3

*State v. Anderson Courier Service*,
222 S.W.3d 62 (Tex. App.—Austin 2005, pet. denied) ............................................3

*Texas Education Agency v. Leeper*,
893 S.W.2d 432 (Tex. 1994)....................................................................................6

**STATUTES**

Tex. Gov't Code Ann. § 311.021.................................................................................5

Tex. Util. Code Ann. § 15.002....................................................................................6

Tex. Util. Code Ann. § 15.003(a) ...........................................................................3, 4

Tex. Util. Code Ann. § 15.003(b) ...............................................................................3

**SESSION LAWS**

Tex. H.B. 1, sec. 16.04(b), 84th Leg., R.S. (2015)....................................................6

No. 03-15-00386-CV

IN THE COURT OF APPEALS
FOR THE THIRD DISTRICT OF TEXAS
AT AUSTIN

HARRIS COUNTY HOSPITAL DISTRICT,
Appellant
v.
PUBLIC UTILITY COMMISSION OF TEXAS,
Appellee

Appealed from the 250th District Court
of Travis County, Texas
Trial Court Cause No. D-1-GN-09-002116

**APPELLANT'S REPLY BRIEF**

TO THE HONORABLE COURT OF APPEALS:

## ARGUMENT

The Commission contends that the Hospital District never requested a hearing on the District's Section 15.003 request for fees until after the final judgment was signed. Brief of Appellee, p. 6. It argues that the District cannot complain that the trial court never conducted a Section 15.003 hearing "when the District failed to timely request such a hearing." Brief of Appellee, p. 7. However, in the Hospital District's Response to the Bench Brief of the Public Utility

1

Commission of Texas the District explained why the court "should hear and award HCHD's the fees and costs under Section 15.003." CR 145, 146. In doing so, the District argued that its claims "have never been adjudicated, which is why this court should hear them." CR 146. Thus, the Hospital District did request to be heard on its fee claims prior to the entry of the final judgment. In any event, a failure to request a hearing, without more, does not preclude a party from seeking relief if it is otherwise warranted. Compare *Barrow, Wade, Guthrie & Co. v. Stroud*, 125 S.W.2d 365, 368 (Tex. Civ. App.—Waco 1939, no writ)("The mere fact that plaintiffs failed to request a trial of the case for a period of approximately two years after it had been filed does not as a matter of law establish negligence on their part.").

The Commission also contends that the Hospital District "failed to assign the fees issue as error in its first appeal" and "waived those issues". Brief of Appellee, p. 11. The Hospital District could not have assigned the fees issue as error in the first appeal for two reasons. First, as the Commission correctly notes in its brief, prior to the first appeal "[t]he trial court affirmed the Commission's order and made no mention of the Section 15.003 request." Brief of Appellee, p. 2. Therefore, the trial court had committed no error concerning the fees issue at that

time, because it had not ruled on the fees issue at all.[1]  Second, the Hospital

District had not prevailed on the merits at that time. Only a party who "prevails in

a proceeding for review of a commission order or decision" is entitled to recover

fees.  Tex. Util. Code Ann. § 15.003(a).  It was only when this Court reversed the

trial court's judgment at the conclusion of the first appeal that the Hospital District

became entitled to recover fees.  Consequently, the Commission's waiver

argument is without merit.

The Commission further contends that the Hospital District misinterprets

footnote 6 in the Court's prior opinion in this case.  In that regard the Commission

argues that the Court's citation of Section 15.003 of the Utilities Code "supports

the conclusion that this Court was not remanding the case to the trial court for a

Section 15.003 fee decision."  Brief of Appellee, p. 15.  The Hospital District

submits that, in view of the overall point made in footnote 6, it seems more likely

that the citation of Section 15.003 was a reminder that it is the trial court and not

the appellate court or the Commission which sets the amount of attorney's fees in a

proceeding for judicial review.  Tex. Util. Code Ann. § 15.003(b).  The Court had

concluded that the Hospital District's legal analysis was correct.  This made the

---

[1] This lack of ruling on the fees issue distinguishes this case from *State v. Anderson Courier Service*, 222 S.W.3d 62 (Tex. App.—Austin 2005, pet. denied), cited by the Commission.  Prior to the first appeal in the *Anderson Courier* case, the district court "denied Anderson Courier's request for attorney's fees."  *In re State*, 159 S.W.3d 203, 204 (Tex. App.—Austin 2005, orig. proceeding).  Since the district court had actually ruled on the fees issue in *Anderson Courier*, it became necessary to make that ruling an issue on appeal to avoid waiver.

Hospital District the prevailing party in this proceeding for judicial review, thereby entitling it to recover reasonable fees for attorneys and expert witnesses and other costs. Tex. Util. Code Ann. § 15.003(a). However, this Court did not have jurisdiction to initiate such an award. The trial court was ordered to certify and observe this Court's decision. This was not mere "boilerplate". The Hospital District submits that it was a sufficient instruction to require the trial court to consider the Hospital District's claim for attorney's fees and expert witness fees. Compare *Jay Petroleum, L.L.C. v. EOG Resources, Inc.*, 332 S.W.3d 534, 540 (Tex. App.—Houston [1st Dist.] 2009, pet. denied) discussed in the Hospital District's opening brief.

The Commission also argues that "[t]he District's case does not come within the plain language of any right to recover fees under Section 15.003(a) of the Utilities Code." Brief of Appellee, p. 15. In support of this argument the Commission adroitly directs the Court's attention away from the Hospital District's allegations in this proceeding for review and focuses on the Hospital District's complaint before the Commission. However, it is the allegations "in a proceeding for review" which control. Tex. Util. Code Ann. § 15.003(a). In the instant proceeding the Hospital District alleged the following:

> 26. Together, PURA Sections 53.002, and 53.003, and 53.004(a) prohibit public utilities from charging, demanding or receiving compensation from a person that is unjust, unreasonable, or other than the compensation prescribed by applicable tariff. Order No. 19, Order

4

Denying Appeal of Order No. 19, Finding of Fact Nos. 5 and 10, and Conclusion of Law No. 7 establish that the rate AT&T charged HCHD throughout the period in question was unjust and unreasonable and therefore improper and prohibited.

27. Consistent with PURA and Substantive Rule §26.27(a)(3)(B)(i), under AT&T's GENERAL EXCHANGE TARIFF, Section 23, Paragraph 6, Sheet 11, AT&T is specifically required to refund overbillings "for the entire period of the overcharges". Under the Filed Rate Doctrine as applied to this case, filed tariffs govern a utility's relationship with its customers and have the force and effect of law, until suspended or set aside. Regulated entities are prohibited from charging rates for their services other than those properly filed with the appropriate regulatory authority. Likewise, the doctrine precludes the rate-setting body from altering filed and approved rates retroactively. See Southwestern Bell Telephone Company v. Metro-Link Telecom, Inc., 919 S.W.2d 687, 692 (Tex. App.—Houston [14th Dist.] 1996, writ denied); see also PURA §11.003(16). Therefore, AT&T, by its own tariff, is prohibited from refunding anything less than the full amount of the overbillings for the "entire period of the overcharges."

CR 10. The Hospital District submits that these allegations are clearly sufficient to invoke the provisions of Section 15.003 of the Utilities Code.

Finally, the Commission argues that the Hospital District cannot be awarded attorney's fees, "because the Legislature has neither created a regulation fund nor appropriated money for such a fund and has not waived the Commission's immunity." Brief of Appellee, p. 16. In enacting Section 15.003 of the Utilities Code, it is presumed that "the entire statute is intended to be effective" and "a just and reasonable result is intended." Tex. Gov't Code Ann. § 311.021. See *Castle v. Harris*, 960 S.W.2d 140, 143 (Tex. App.—Corpus Christi 1997, no pet.)

5

("Pursuant to section 311.021, courts must presume that all parts of a statute were meant to have some effect."). Therefore, it cannot be presumed that Section 15.003 is simply meaningless and can be ignored. Moreover, House Bill 1, the current appropriations bill passed by the Legislature in the last legislative session and cited by the Commission in its brief, contains the following provision:

> "State agencies appropriated funds by this Act may expend funds appropriated elsewhere in this Act for the purposes of paying settlements and judgments against the state for causes brought in a federal court or a court in this state *under specific statutory authority*."

Tex. H.B. 1, sec. 16.04(b), 84th Leg., R.S. (2015)(emphasis added). Thus, although there are certain limitations on this legislative authorization, the absence of a specific appropriation for the "regulation fund" does not automatically preclude a recovery under the statute.

With regard to the question of immunity, this Court has held that the State has consented to suits for judicial review of the Commission's final orders. *Lopez v. Public Utility Comm'n of Texas*, 816 S.W.2d 776, 782 (Tex. App.—Austin 1991, writ denied). See Tex. Util. Code Ann. § 15.002 ("The commission must be a defendant in a proceeding for judicial review."). By authorizing suits for judicial review of the Commission's orders and decisions and authorizing awards of attorney's fees and expert witness fees, the Texas Utilities Code necessarily waives governmental immunity for such awards. Compare *Texas Education Agency v. Leeper*, 893 S.W.2d 432, 446 (Tex. 1994)("We conclude that by authorizing

6

declaratory judgment actions to construe the legislative enactments of governmental entities and authorizing awards of attorney's fees, the DJA necessarily waives governmental immunity for such awards.").

## **PRAYER**

WHEREFORE, PREMISES CONSIDERED, Appellant Harris County Hospital District respectfully prays that the portion of the trial court's judgment which denied the District's claim for attorney's fees and expert witness fees be reversed and remanded with instructions that the trial court conduct a hearing to determine the amount of reasonable attorney's fees and expert witness fees which should be awarded to the District.

Respectfully submitted,

VINCE RYAN
Harris County Attorney

*/s/ Bruce S. Powers*
Bruce S. Powers
Assistant County Attorney
State Bar No. 16215500
1019 Congress, 15th Floor
Houston, Texas 77002
(713) 274-5144 (telephone)
(713) 755-8924 (facsimile)
bruce.powers@cao.hctx.net

ATTORNEY FOR APPELLANT

7

## CERTIFICATE OF COMPLIANCE

The undersigned attorney certifies that this document complies with the word-count limitations of Tex. R. App. P. 9.4. Relying on the word count of the computer program used to prepare this document, it contains **1,533** words.

/s/ **Bruce S. Powers**
Bruce S. Powers
Assistant Harris County Attorney

## CERTIFICATE OF SERVICE

I hereby certify that on this the 13th day of November, 2015, a true and correct copy of the foregoing APPELLANT'S REPLY BRIEF was served electronically upon Defendant Public Utility Commission of Texas' counsel, Elizabeth R. B. Sterling, Assistant Attorney General, Environmental Protection Division, Office of the Attorney General, P.O. Box 12548, MC-066, Austin, Texas 78711-2548.

/s/ **Bruce S. Powers**
Bruce S. Powers
Assistant County Attorney